STATE OF NORTH CAROLINA v. JOHNNY H. WATKINS

No. 8728SC719

(Filed 19 April 1988)

1. **Rape and Allied Offenses § 4.3— victim's prior sexual conduct—questions properly limited**

    The trial court in a rape case properly limited questions with regard to the victim's prior sexual conduct. N.C.G.S. § 8C-1, Rule 412(b).

2. **Rape and Allied Offenses § 4— defense counsel's questioning of victim limited —no expression of opinion by court on victim's credibility**

    The trial judge did not express an opinion as to the rape victim's credibility when he limited defense counsel's questioning of the victim as to what she drank immediately before the rape, since the victim testified on direct examination as to what she drank, and defense counsel cross-examined her on the subject twice before the trial judge prevented him from going over it again.

3. **Rape and Allied Offenses § 6.1— conflicting evidence as to use of knife—lesser offenses properly submitted**

    In a prosecution of defendant for first degree rape and first degree sexual offense where there was conflicting evidence as to whether defendant used a knife, the trial court properly submitted the lesser included charges of second degree rape and second degree sexual offense to the jury.

4. **Rape and Allied Offenses § 6— instructions on pocketknife as deadly weapon— instructions proper**

    The trial court properly instructed the jury with respect to defendant's use of a pocketknife and whether the knife was a deadly weapon; moreover, acquittal of defendant of first degree rape made any error with regard to such instructions not prejudicial.

5. **Criminal Law § 122.1— jury's request to have rape victim's testimony read— instructions proper**

    The trial judge did not err in granting the jury's request to have certain portions of a rape victim's testimony read to them, since the judge then instructed the jury that they "must consider and deliberate on all of the evidence and remember what the rest of the evidence was concerning that conversation." N.C.G.S. § 15A-1233(a).

6. **Criminal Law § 138.34— intoxication as mitigating factor—insufficiency of evidence**

    The trial court in a rape case was not required to consider defendant's intoxication as a mitigating factor where there was evidence that defendant was capable of driving his truck for considerable distances both before and after the alleged assault; there was no evidence that defendant's intoxication prevented him from being cognizant of his actions; and defendant therefore failed to prove that his intoxication reduced his culpability.

7. **Criminal Law § 138.41— good character as mitigating factor—insufficiency of evidence**

The trial court in a rape case did not err in failing to find as a mitigating factor that defendant was a person of good character, since the only evidence of defendant's good character consisted of statements by his employment supervisor of three months and his employer of two years that his character was good.

8. **Constitutional Law § 48— defense counsel's admission of crime denied by defendant—no ineffective assistance of counsel**

A statement to the jury during closing argument by defendant's attorney in a rape and sexual offense case that "I think there was anal intercourse" did not amount to ineffective assistance of counsel where defendant had entered a plea of not guilty to all charges, including the charge of first degree sexual offense, to wit: anal intercourse; the victim testified that defendant twice had anal intercourse with her against her will; the physician who examined the victim on the night of the assault testified that the victim told him she had been forced to have anal intercourse and that his examination of her substantiated that story; defendant never denied that he engaged in anal intercourse with the victim; though defendant never specifically admitted or acknowledged having had anal intercourse with the victim, his defense generally was that whatever happened was with the victim's consent; and defense counsel's statement, viewed in the light of all the evidence, thus failed to rise to the level of prejudice requiring a new trial.

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgment entered 27 February 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 12 January 1988.

*Attorney General Lacy H. Thornburg by Assistant Attorney General John F. Maddrey for the State.*

*Albert L. Williams, II, for defendant appellant.*

COZORT, Judge.

Defendant was convicted of one count of second-degree rape and two counts of second-degree sexual offense. From a judgment sentencing him to terms of twenty years, twelve years and twelve years, to run consecutively, defendant appeals. We find no error in defendant's trial.

Defendant was charged with first-degree rape and two counts of first-degree sexual offense, one alleging anal intercourse and one alleging fellatio. Defendant pled not guilty to all of the charges.

At trial, the State's evidence tended to show the following:

On 27 September 1986, Cassandra Lynn Myers met defendant for the first time at a bar in Asheville. They left the bar with some of her friends at around 8:00 p.m. and drove up into the mountains where they parked their cars, drank beer and smoked marijuana. Ms. Myers testified that she drank nothing before meeting the defendant and that while on the mountain she drank one beer and had three to five hits of marijuana. When they left the mountain, Ms. Myers was riding with defendant in his truck when he realized he had lost his cooler. He asked Ms. Myers if she would go back with him to look for it, and she agreed as long as it would take no more than thirty minutes. On the way back up the mountain, defendant stopped the truck, talked to Ms. Myers for a few minutes, and then began telling her that he wanted to make love to her. Ms. Myers told defendant she did not want to make love. Defendant forced himself on Ms. Myers, who, although she tried, was unable to fight off defendant's advances. Defendant proceeded to tie her hands in front of her with a rope and gagged her mouth with his shirt. He was unable to undress her because her hands were tied. He took a pocketknife and cut down the front of her shirt and cut her bra straps. He then forced her to have vaginal and anal intercourse, about twice each, and forced her to perform fellatio.

Afterwards defendant apologized to Ms. Myers and drove her to a convenience store so that she could call a friend to take her home. Ms. Myers testified that after she got out of defendant's car and he drove off, she noticed a police car stopped nearby. She said she walked up to one of the officers and said, "Please help me. I've just been raped."

Sergeant Randy Riddle of the Buncombe County Sheriff's Department testified that Ms. Myers approached his car on the night of 27 September 1986 and told him that she had been raped. He stated that Ms. Myers was crying and that her tank top had been cut or torn open.

Dr. George Houlditch testified that he was the emergency room physician on duty in the early morning hours of 28 September 1986 when Ms. Myers was brought to the hospital. He testified that he examined Ms. Myers and that she had several fresh tears and some bruising around the anal area, but that her pelvic

examination showed nothing remarkable. He also testified that his examination substantiated her story that she had been forced to have anal intercourse.

When defendant took the stand, he testified that Ms. Myers never resisted him or said anything negative to him during the incident. He also stated that he did not have a rope or knife in the truck on the night of the incident. He stated that when he heard the police were looking for him, he voluntarily turned himself in on 29 September 1986.

The jury found defendant guilty of one count of second-degree rape and two counts of second-degree sexual offense. The court sentenced defendant to terms of twenty years, twelve years and twelve years, to run consecutively. From that judgment, defendant appeals and contends that the trial court erred: (1) by limiting questioning during an *in camera* hearing; (2) by limiting the cross-examination of Ms. Myers; (3) by submitting the lesser-included offense of second-degree rape and second-degree sexual offense to the jury; (4) by instructing the jury as to the use of a pocketknife during the crimes; (5) by reading requested testimony from the trial transcript to the jury; (6) by declining to find his voluntary intoxication as a mitigating factor; (7) by declining to find his cooperation with the police as a mitigating factor; (8) and by declining to find that defendant was a person of good character as a mitigating factor. The defendant also filed a "Conditional Motion for Appropriate Relief," alleging that defendant's trial counsel, who was not the same as defendant's counsel on appeal, had rendered to defendant ineffective assistance of counsel.

We first address the issues brought forward by the defendant in his appeal of right pursuant to N.C. Gen. Stat. § 15A-1442.

[1] Defendant first argues that the trial court erred in limiting certain questioning during an *in camera* hearing during Ms. Myers's cross-examination by the defendant. We disagree.

During the *in camera* hearing, defense counsel attempted to question Ms. Myers as to her prior sexual conduct. The trial judge sustained an objection to this line of questioning and held that no evidence of prior sexual conduct could be introduced at trial because it fell outside the scope of N.C. Gen. Stat. § 8C-1, Rule 412(b).

Rule 412(b) provides:

Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:

> (1) Was between the complainant and the defendant; or
>
> (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or
>
> (3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or
>
> (4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

In the case at bar, defense counsel attempted to question Ms. Myers about an alleged violent incident with her boyfriend, which Ms. Myers testified was unrelated to any sexual activity. These questions were not relevant or admissible under Rule 412(b), and we hold that the trial court properly limited this line of questioning.

[2] Defendant next argues that the trial court erred in limiting defense counsel's cross-examination of Ms. Myers concerning her drinking on the night she was assaulted. We find no error.

On cross-examination, defense counsel repeatedly questioned Ms. Myers about what she drank while on the mountain. After several similar questions, the trial judge said, "Well, I believe we've been over that, Mr. Shackelford. She said she stopped drinking when they got up there. Ask your next question." Defendant contends that this statement unduly prejudiced him in that it amounted to an expression of opinion by the judge as to Ms. Myers's credibility.

In exercising control over the conduct of the trial, the trial judge, in his discretion, may object to repetitive questions because he has an obligation to avoid useless repetition of the evidence. *State v. Paige*, 316 N.C. 630, 650, 343 S.E. 2d 848, 860 (1986). In this case, Ms. Myers testified on direct examination as to what she drank on the mountain, and defense counsel cross-examined her on the subject twice before the trial judge prevented him from going over it again. We hold that the trial judge properly exercised his discretion in limiting defense counsel's questioning on this issue.

[3] Next, defendant argues that there was insufficient evidence to submit the lesser-included charges of second-degree rape and second-degree sexual offenses to the jury. We find no merit to defendant's argument.

> "The trial court is required to submit lesser included degrees of the crime charged in the indictment when and only when there is evidence of guilt of the lesser degrees." [Citations omitted.]

> . . . Where there is conflicting evidence as to an essential element of the crime charged, the court should instruct the jury with regard to any lesser included offense *supported by any version of the evidence.*

*State v. Jones*, 304 N.C. 323, 330-31, 283 S.E. 2d 483, 487-88 (1981).

In this case, there was conflicting evidence on the defendant's use of a knife, proof of which was necessary for a verdict of first-degree rape. Ms. Myers testified that defendant employed a knife during the act of rape. Defendant testified that there was no knife in his truck when the incident occurred and no knife was ever located by investigating officers. Since there was conflicting evidence on this issue, we hold that the trial court properly included the lesser-included offense in its charge to the jury.

[4] Defendant's next argument is that the trial court erred in its charge to the jury on first-degree rape and the use of a pocketknife. We disagree.

Defendant asserts that the trial court presumptively charged that a pocketknife was a deadly weapon in its charge on first-degree rape. In its charge to the jury the trial court stated:

[T]he State must prove that the defendant employed a dangerous or deadly weapon. A pocket knife may be a dangerous or deadly weapon, for a dangerous or deadly weapon is a weapon which is likely to cause death or serious bodily injury. In determining whether this pocket knife is a deadly weapon on this occasion, you should consider the size and nature of the pocket knife, the manner in which it was used, and the size and strength of Mr. Watkins as compared to Miss Myers.

We hold that these jury instructions were proper and did not constitute a "presumptive" charge that a pocketknife was a deadly weapon. In any event, the acquittal of defendant of first-degree rape makes any such error in the instructions not prejudicial to the defendant.

[5] Next, defendant argues that the trial court erred in reading certain requested portions of Ms. Myers's testimony to the jury. We find no merit to this argument.

N.C. Gen. Stat. § 15A-1233(a) provides in part:

If the jury after retiring for deliberation requests a review of certain testimony . . . [t]he judge in his discretion . . . may direct that requested parts of the testimony be read to the jury . . . . In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

After the jury in this case began deliberations, it submitted a question to the judge regarding Ms. Myers's testimony about a conversation between defendant and her friends. The trial judge located the relevant portion of her testimony and had the court reporter read it to the jury. Defendant contends that by reading only Ms. Myers's testimony, the trial judge gave undue weight to her testimony and prejudiced his right to a fair trial. We do not agree. Immediately after the court reporter read Ms. Myers's testimony, the trial judge instructed the jury that they "must consider and deliberate on all of the evidence and remember what the rest of the evidence was concerning that conversation." Based on these instructions, we hold that the trial judge properly exercised his discretion in having the requested testimony read to the jury and that defendant's argument has no merit.

[6] Defendant next argues that the trial court erred in failing to consider his intoxication as a mitigating factor. We disagree.

When a defendant argues that his intoxication compels a finding of a mitigating factor, he must not only prove his intoxication, but also prove that the intoxication reduced his culpability for the offense. *State v. Torres*, 77 N.C. App. 345, 351, 335 S.E. 2d 34, 38 (1985). In this case, defendant failed to prove that his intoxication reduced his culpability. Although there was evidence of his voluntary intoxication, there was also evidence that defendant was capable of driving his truck for considerable distances, both before and after the alleged assault. There is also no evidence that defendant's intoxication prevented him from being cognizant of his actions. Therefore, the trial court was not required to consider defendant's intoxication as a mitigating factor.

Defendant also argues that the trial court erred in not finding as a non-statutory mitigating factor that he cooperated with the police by turning himself in for questioning. We find this argument meritless.

N.C. Gen. Stat. § 15A-1340.4 provides that a sentencing judge may consider any non-statutory factor in aggravation or mitigation of an offense if it is "proved by the preponderance of the evidence, and [it is] reasonably related to the purposes of sentencing . . . ." The consideration of a non-statutory factor is in the discretion of the sentencing judge and "failure to find such a non-statutory mitigating factor will not be disturbed on appeal absent a showing of abuse of discretion." *State v. Spears*, 314 N.C. 319, 322-23, 333 S.E. 2d 242, 244 (1985). We hold that defendant has failed to show any abuse of discretion in the trial court's failure to consider this factor.

[7] Defendant next argues that the trial court erred in not finding as a mitigating factor that defendant was a person of good character. We find no error.

A defendant has the burden of proving factors in mitigation "by a preponderance of the evidence, and the trial court has the discretion to assess the credibility of defendant's evidence and either accept or reject it." *State v. McGuire*, 78 N.C. App. 285, 294, 337 S.E. 2d 620, 626 (1985).

The only evidence below of defendant's good character was statements by his employment supervisor of three months and his employer of two years. His supervisor stated that, as far as he knew, defendant had good character. His employer simply stated that defendant's character and reputation were good. We hold that the trial judge did not abuse his discretion in failing to find defendant's good character as a factor in mitigation.

[8] We now turn to the defendant's allegation that he is entitled to a new trial because he was denied effective assistance of counsel at trial. This argument is before us in a somewhat unusual fashion. The defendant included in the record on appeal an assignment of error which reads:

> 5. When the defendant's attorney argued to the jury, without the Defendant's consent, that the Defendant did engage in anal intercourse with the prosecuting witness, the Defendant's attorney admitted an element of the charge and the separate uncharged offense of crime against nature, thus denying Defendant's constitutional right to effective assistance of counsel as well as his constitutional right to enter a plea of not guilty as that admission contradicted the Defendant's not guilty plea and the evidence presented at trial of the Defendant's denial of anal intercourse.

Shortly after the defendant filed his brief, in which he made an argument in support of Assignment of Error No. 5, the defendant filed in this Court a document entitled "Conditional Motion for Appropriate Relief." In that document, the defendant again contended that he was denied effective assistance of counsel at trial. He repeated the allegation made in Assignment of Error No. 5 in the Record and also alleged that his trial attorney (1) "did not receive adequate discovery," (2) did not properly prepare defendant for cross-examination, (3) did not thoroughly research the evidence law regarding the introduction of the prosecuting witness's prior sexual history, and (4) did not have recorded closing arguments of counsel. The defendant offered no argument and filed no documents in support of the new allegations made in the Conditional Motion for Appropriate Relief. Instead, he asks that the Motion be sent back to the trial court for an evidentiary hearing on the merits.

State v. Watkins

N.C. Gen. Stat. § 15A-1418(a) states that a motion for appropriate relief based upon grounds set out in N.C. Gen. Stat. § 15A-1415 may be made in the appellate division when a case is in that division for review. Among the grounds for appropriate relief listed in § 15A-1415(b) is: "(3) The conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina." Defendant's claim of ineffective assistance of counsel would appear to be a claim under subsection (3). N.C. Gen. Stat. § 15A-1418(b) provides:

> When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings. If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with its determination of the case.

Upon review of the Record and transcript, we find that the materials before us are sufficient to make a determination on the issue of whether the statement to the jury by defendant's counsel ("I think there was anal intercourse") constituted ineffective assistance of counsel. We now proceed to that contention.

When a defendant contends that he has been denied effective assistance of counsel, he must show that his counsel's conduct fell below an objective standard of reasonableness. To this end, the defendant must satisfy the following two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, *a trial whose result is reliable.* (Emphasis added.)

*State v. Braswell,* 312 N.C. 553, 562, 324 S.E. 2d 241, 248 (1985), *quoting Strickland v. Washington,* 466 U.S. 668, 687, 80 L.Ed. 2d 674, 693 (1984).

State v. Watkins

Defendant entered a plea of not guilty to all charges, including the charge of second-degree sex offense, to wit: anal intercourse. During his closing argument to the jury, defendant's attorney stated, "I think there was anal intercourse." Defendant contends that this unauthorized admission by his attorney undermined his credibility to the extent that defendant was denied a fair trial. Viewed in the light of all the other evidence, we hold that defense counsel's statement failed to rise to the level of prejudice requiring a new trial.

Ms. Myers testified that defendant twice committed anal intercourse against her will. Her testimony was corroborated by that of Dr. Houlditch, the physician who examined Ms. Myers on the night of the assault. He testified that Ms. Myers had several fresh lacerations and some bruising in the anal area. He also testified that Ms. Myers told him she had been forced to have anal intercourse and that his examination of her substantiated that story. In his testimony, the defendant never denied that he engaged in anal intercourse with Ms. Myers. Although he never specifically admitted or acknowledged having had anal intercourse with Ms. Myers, his defense generally was that whatever happened between defendant and Ms. Myers was with Ms. Myers's consent. Given this evidence, we find that defense counsel's statement was insufficient to have adversely affected the outcome of defendant's trial.

The defendant has offered no materials and no argument on the other allegations of ineffective assistance of counsel contained in his Motion for Appropriate Relief. There is nothing before this Court upon which we can determine whether the defendant is entitled to a new trial based on those allegations. The case must be remanded to the trial court, in accordance with N.C. Gen. Stat. § 15A-1418(b). The trial court must then determine, in accordance with N.C. Gen. Stat. § 15A-1420, whether the defendant is entitled to a hearing on the four allegations of ineffective assistance of counsel not now reviewable in this Court.

In summary, the result of the appeal is: (1) as to defendant's appeal as of right, we find no error; (2) as to defendant's Motion for Appropriate Relief alleging ineffective assistance of counsel based on counsel's statement to the jury, we deny defendant's motion for a new trial; (3) as to the remaining allegations in defend-

ant's Motion for Appropriate Relief, the case is remanded to the trial court for further proceedings.

No error in trial; motion denied in part and remanded in part.

Judges PARKER and GREENE concur.