STATE OF NORTH CAROLINA v. JOHN DAVID McCLAIN, JR.

No. 925SC13

(Filed 5 October 1993)

1. **Rape and Allied Offenses § 5 (NCI3d)— first-degree rape and sexual offense—failure to show defendant was aided and abetted—failure to dismiss error—no new trial—verdict treated as guilty of second-degree rape**

    The trial court erred in denying defendant's motion to dismiss the charges for first-degree rape and first-degree sexual offense because the State failed to prove that defendant was aided and abetted in the commission of the offenses by one or more persons as charged in the indictments; however, a new trial is not required since the verdict must be regarded as a verdict of guilty of second-degree rape and second-degree sexual offense.

    **Am Jur 2d, Rape §§ 1, 2, 28.**

STATE v. McCLAIN

[112 N.C. App. 208 (1993)]

## 2. Constitutional Law § 328 (NCI4th) — eight and one-half months between indictment and trial — no denial of speedy trial

The trial court did not err in denying defendant's motion to dismiss on the basis that he was denied a speedy trial, though there was a delay of eight and one-half months from the date of the first indictment to the date of the trial, since much of the delay was the result of the State's attempt to have DNA sampling and other tests performed on defendant; samples were taken from defendant but not sent to the lab, but there was no evidence that this mistake was willful; and there was no prejudice to defendant arising out of the delay.

**Am Jur 2d, Criminal Law §§ 656, 860.**

Appeal by defendant from judgments entered 22 April 1991 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 10 February 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant.*

COZORT, Judge.

On 22 April 1992, defendant was convicted of one count of first degree rape, one count of second degree rape, one count of first degree kidnapping, one count of possession of cocaine, two counts of delivery of cocaine, one count of possession of drug paraphernalia, one count of first degree sexual offense, one count of second degree sexual offense, and one count of crime against nature. Judge Ernest Fullwood sentenced defendant to life in prison for the first degree rape, life in prison for the first degree sexual offense, forty years in prison for first degree kidnapping, five years in prison for possession of cocaine, ten years in prison for delivery of cocaine, forty years in prison for second degree sexual offense, ten years in prison for crime against nature consolidated with possession of drug paraphernalia, and forty years in prison for second degree rape to be served at the expiration of the ten-year sentence for crime against nature consolidated with possession of drug paraphernalia. Defendant appeals. We reverse the judgments on

STATE v. McCLAIN

[112 N.C. App. 208 (1993)]

first degree rape and first degree sexual offense and remand for resentencing; no error on the remaining issues.

The State presented the following evidence. On 19 July 1990, Ms. Gustafson, aged seventeen, and her friend, Ms. Fink, went to the Good Shepherd Shelter for lunch. While there, defendant asked Ms. Gustafson and Ms. Fink if they wanted to "get high." Ms. Gustafson and Ms. Fink agreed and went with defendant to defendant's brother's house. Defendant's nephew then joined defendant, Ms. Gustafson, and Ms. Fink. Defendant and his nephew conferred privately and told the girls that they were going to a house. At the abandoned house defendant passed around a crack cocaine pipe and then asked his nephew which girl he wanted. Defendant threatened to kill Ms. Gustafson if she did not do as she was told. Defendant's nephew took Ms. Gustafson into another room and forced her to have oral sex and sexual intercourse with him. Defendant attempted to force Ms. Fink to perform oral sex. Defendant then told his nephew to leave the house; his nephew complied. Defendant instructed Ms. Gustafson to remove her clothes, had sexual intercourse with her, and forced her to perform oral sex. Defendant threatened to kill Ms. Gustafson if she did not do what he told her for the remainder of the day. Defendant then told Ms. Fink to leave and gave her directions back to the Good Shepherd Shelter. At approximately 2:00 p.m. defendant took Ms. Gustafson to another house where he forced her to have sexual intercourse or oral sex with ten men. Defendant gave Ms. Gustafson more crack cocaine and forced her to have sexual intercourse with him about eight times and perform oral sex about four or five times.

After Ms. Fink returned to the Good Shepherd Shelter she told a worker that Ms. Gustafson had been kidnapped by defendant. At approximately 3:30 p.m., Ms. Fink and a friend began looking for Ms. Gustafson. She did not initially call the police because she was afraid defendant would kill Ms. Gustafson if he found out the police were looking for him. At approximately 7:30 p.m., Ms. Fink approached Wilmington Police Sergeant George Hickman, described defendant, and told Sergeant Hickman that defendant had kidnapped Ms. Gustafson. Police officers then began to search for defendant and Ms. Gustafson. Soon after Ms. Fink's report, Sergeant Hickman found defendant and Ms. Gustafson. Ms. Gustafson told Sergeant Hickman that she was assaulted and raped. Defendant was taken into custody.

Defendant presented no evidence. On appeal, defendant argues that the trial court erred in (1) denying his motion to dismiss the charges for first degree rape and first degree sexual offense; (2) instructing the jury on first degree rape and first degree sexual offense; (3) refusing to inquire whether a member of the audience had a conversation with one of the jurors concerning the case; and (4) denying defendant's motion to dismiss for lack of speedy trial and denying defendant's motion for the prosecutor to testify on the matter of defendant's speedy trial.

[1] In his first assignment of error, defendant seeks a new trial, arguing that the trial court erred in denying his motion to dismiss the charges for first degree rape and first degree sexual offense because the State failed to prove that defendant "was aided and abetted in the commission of [the offenses] by one or more persons" as charged in the indictments. In reviewing the denial of a motion to dismiss, we must consider the evidence in the light most favorable to the State to determine if there is substantial evidence of each element of the crimes charged. *State v. Barnette*, 304 N.C. 447, 458, 284 S.E.2d 298, 305 (1981). If the State fails to offer substantial evidence of any of the essential elements of the crime charged, the trial court must grant defendant's motion to dismiss. *See id.*

N.C. Gen. Stat. § 14-27.2 (1986) defines first degree rape as vaginal intercourse by force against the will of the victim when the perpetrator (1) employs or displays a deadly weapon or an article which the victim reasonably believes to be a dangerous or deadly weapon; or (2) inflicts serious personal injury upon the victim or another person; or (3) the perpetrator commits the offense aided and abetted by one or more other persons. N.C. Gen. Stat. § 14-27.4 (1986) defines first degree sexual offense as a sexual act with another person by force and against the will of the victim when the perpetrator (1) employs or displays a deadly weapon or an article which the victim reasonably believes to be a dangerous or deadly weapon; or (2) inflicts serious personal injury upon the victim or another person; or (3) the perpetrator commits the offense aided and abetted by one or more persons. The indictments state that defendant committed the offenses while aided and abetted by one or more persons.

In *Barnette*, the North Carolina Supreme Court defined an aider and abettor as

STATE v. McCLAIN

[112 N.C. App. 208 (1993)]

a person who is actually or constructively present at the scene of the crime and who aids, advises, counsels, instigates or encourages another to commit an offense. Even though not actually present during the commission of the crime, a person may be an aider or abettor if he shares the criminal intent of the perpetrator and if, during the commission of the crime, he is in a position to render any necessary aid to the perpetrator.

*Id.* at 458, 284 S.E.2d at 305 (citations omitted). We agree with defendant that the State failed to present substantial evidence that defendant was aided and abetted by another during the commission of the crimes charged. The State's evidence shows that defendant told his nephew to leave the house *prior* to the rape and sexual offense committed against Ms. Gustafson. Although there is evidence that defendant's nephew threatened Ms. Gustafson prior to defendant's offenses, there is no evidence that, at the time of defendant's offenses, his nephew was encouraging and aiding him or that his nephew was in a position to render aid to him. Since the State failed to prove that defendant was aided and abetted by another, an essential element of the crimes of first degree rape and first degree sexual offense, we find that the trial court erred in failing to dismiss those charges. Accordingly, we reverse the judgments based on the first degree rape charge and first degree sexual offense charge.

We do not find, however, that reversal requires a new trial, as contended by defendant. In *State v. Perry*, 291 N.C. 586, 231 S.E.2d 262 (1977), the North Carolina Supreme Court vacated the judgment imposing sentence upon the defendant for first degree rape because the indictment was insufficient to charge all the elements of first degree rape. The Court declined to send the case back for a new trial. Rather, the Court found first, that the indictment sufficiently charged all the elements of second degree rape, and second, that the jury, by its verdict, had found the defendant guilty of all the elements of second degree rape. *Id.* at 591-92, 231 S.E.2d at 266. The Court concluded that the verdict must be regarded as a verdict of guilty of second degree rape. *Id.* at 595, 231 S.E.2d at 268. The Court remanded the case to correct the verdict to guilty of second degree rape and to sentence the defendant for second degree rape. *Id.* at 597-98, 231 S.E.2d at 269.

We find the Supreme Court's reasoning in *Perry* applicable to this case. The trial court charged the jury below on the elements

of first and second degree rape and first and second degree sexual offense. By finding defendant guilty of first degree rape and first degree sexual offense, the jury necessarily found the defendant guilty of all the elements of second degree rape and second degree sexual offense. Following *Perry*, we remand the case to correct the verdicts to second degree rape and second degree sexual offense and for imposition of sentence for those two offenses.

[2] We next consider whether the trial court erred in denying defendant's motion to dismiss on the basis that he was denied a speedy trial as required by the United States Constitution and the North Carolina Constitution. "To determine whether a defendant's right to a speedy trial has been denied, four factors must be examined: the length of the delay, reasons for the delay, defendant's assertion of the right, and prejudice suffered by the defendant." *State v. Joyce*, 104 N.C. App. 558, 568, 410 S.E.2d 516, 522 (1991) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 33 L.Ed.2d 101, 117 (1972) ), *disc. review denied*, 331 N.C. 120, 414 S.E.2d 764 (1992). The factors are considered together in determining whether defendant's Sixth Amendment rights have been violated. *Id.*

The record shows a delay of eight and one-half months from the date of the first indictment to the date of the trial. The State initially sought evidentiary tests, consisting of DNA sampling and hair sampling, which generally take approximately five months. Samples were taken from defendant in November 1990. In January 1991, the State discovered that the samples had not been sent to the lab as requested. Samples were then sent to the lab; the samples could no longer be used. The State then decided not to obtain additional samples. Defendant first filed a motion for speedy trial on 12 October 1990, which motion was denied. On 22 January 1991, defendant filed another motion for speedy trial; the motion was not heard. On 1 April 1991, defendant filed a motion to dismiss on the grounds that he had been denied a speedy trial. At the time of defendant's first motion, two other men were under indictment for rape for their actions at the second house. By the time of defendant's trial in April 1991, the charges against the two men had been dropped and both testified for the State.

Reviewing the four *Barker* factors, we find the trial court did not err in denying defendant's motion to dismiss for lack of a speedy trial. The length of the delay "is not *per se* determinative of whether a violation has occurred." *State v. Jones*, 310 N.C.

716, 721, 314 S.E.2d 529, 533 (1984). Although defense counsel stated at the 15 October 1990 hearing that he believed the issue would be one of consent, not identification, and therefore DNA sampling would be irrelevant, we cannot find that the State acted improperly in taking steps to preserve and develop evidence which might prove essential to the State's case. The State had no guarantee that defendant would not assert an identification defense at a later date. Although there was a delay because the samples were not sent to the lab as originally directed, there is no evidence that the mistake was willful. Defendant asserted his right to speedy trial early on and did not object merely as a matter of form. Finally, we find no prejudice to defendant arising out of the delay. Although rape charges were dropped against two original codefendants who later testified for the State, the charges were not dropped in order to secure the favorable testimony, but rather because the prosecuting witness stated that the men did not know that she was not consenting. There is nothing in the record to indicate that the original codefendants would have exercised their right to remain silent. The testimony may have been offered even if the charges had not been dismissed. Defendant's motion to dismiss was properly denied.

Finally, we find that the trial court did not err in denying defendant's request to compel the district attorney to testify as to the reasons for delay. At the time of the motion, the State had already presented the reasons for the delay. Defendant's argument is overruled.

Our ruling on defendant's first assignment of error renders his second assignment of error moot. We have considered defendant's argument concerning improper juror contact and find it to be without merit.

In summary, the judgments on first degree rape and first degree sexual offense are reversed, and the case is remanded for correction of verdict and entry of judgments on second degree rape and second degree sexual offense; otherwise, no error.

No error in part, reversed and remanded in part.

Judges EAGLES and WYNN concur.