STATE OF NORTH CAROLINA v. RONNY DALE BARNETT

No. 9327SC362

(Filed 21 December 1993)

1. **Burglary and Unlawful Breakings § 74 (NCI4th) — first-degree burglary — insufficient evidence of nighttime**

The State presented insufficient evidence that the offense was committed in the nighttime to support defendant's conviction of first-degree burglary where the evidence tended to show that someone broke into the victims' home between 10:00 p.m. on 3 April 1992 and 6:30 a.m. on 4 April 1992; no evidence was presented as to the condition of light outside when the female victim awoke at 6:30 a.m. and found her purse gone and the back door open; judicial notice was taken that civil twilight began at 5:41 a.m. and the sun rose at 6:07 a.m. on 4 April 1992; and the breaking and entering thus could have occurred at any time up until 6:30 a.m., a time after which the sun rose. However, the jury, in convicting defendant of first-degree burglary, necessarily found facts which establish felonious breaking and entering, and the verdict will be considered a verdict of felonious breaking and entering.

STATE v. BARNETT

[113 N.C. App. 69 (1993)]

Am Jur 2d, Burglary § 51.

**Sufficiency of showing that burglary was committed at night. 82 ALR2 643.**

2. **Criminal Law § 133 (NCI4th)— guilty pleas—propriety of acceptance—later statements irrelevant**

The trial court did not err in accepting defendant's pleas of guilty to four consolidated counts of breaking and entering and larceny and one count of breaking and entering where the court informed defendant of every right listed in N.C.G.S. § 15A-1022(a) and the maximum possible sentence; the court determined that defendant understood the charges and was satisfied with his trial counsel; and defendant's responses to the court before it accepted his guilty plea did not indicate any misunderstanding requiring further inquiry by the trial court. Defendant's statements expressing reservations about his pleas after they had been accepted by the trial court were not relevant to a determination as to whether the pleas were properly accepted by the court.

Am Jur 2d, Criminal Law §§ 486-491.

3. **Larceny § 24 (NCI4th)— larceny and possession—same pocketbook—arrest of judgment on possession charge**

Defendant could not properly be convicted and sentenced for both larceny and possession of stolen goods where the same pocketbook was involved in both charges, and judgment must be arrested on the possession charge.

Am Jur 2d, Larceny §§ 7, 13.

4. **Criminal Law § 965 (NCI4th)— motion for appropriate relief—remand for determination by trial court**

Where the materials before the Court of Appeals are insufficient to justify a ruling on defendant's motion for appropriate relief on the ground of ineffective assistance of counsel, the motion must be remanded to the trial court for the taking of evidence and a determination of the motion. The order of the trial court on the motion for appropriate relief will be subject to review by writ of certiorari. N.C.G.S. § 15A-1422(c)(3).

Am Jur 2d, Coram Nobis § 44 et seq.

STATE v. BARNETT

[113 N.C. App. 69 (1993)]

Appeal by defendant from judgments entered 17 November 1992 in Gaston County Superior Court by Judge Zoro Guice, Jr. Heard in the Court of Appeals 30 November 1993.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Lorinzo L. Joyner, for the State.*

*Funderburk, Gheen & Cloninger, by Stephen T. Gheen, for defendant-appellant.*

GREENE, Judge.

Ronny Dale Barnett (defendant) was indicted, tried, and convicted by a jury of one count of first-degree burglary, one count of felonious larceny, and one count of felonious possession of stolen goods during the 16 November 1992 criminal session of Gaston County Superior Court. After the convictions, defendant entered guilty pleas to felonious breaking and entering, five counts, and felonious larceny, four counts. For the first-degree burglary offense, defendant was sentenced to life, and for the larceny and possession of stolen goods offenses, he was sentenced to ten years each, to run consecutively with the first-degree burglary count, but concurrently with each other. The trial court consolidated four counts of felonious breaking and entering with the four counts of felonious larceny and sentenced defendant to ten years for each consolidated felony, to run consecutively with each other, but concurrent to the term of life for first-degree burglary. For the one count of felonious breaking and entering unaccompanied by a larceny charge, defendant received ten years to run consecutively to the other breaking and entering sentences, but concurrently to the term of life for first-degree burglary. Defendant appeals from all judgments and sentences.

The State's evidence tends to show the following: Between the hours of 10:00 p.m. on 3 April 1992 and approximately 6:30 a.m. on 4 April 1992, someone broke into the home of Alvin and Barbara Howery (the Howerys), who lived with their daughter, Sara Howery (Ms. Howery), in Gastonia, Gaston County, North Carolina. On 3 April 1992, Ms. Howery and her mother retired to bed around 10:00 p.m. after Ms. Howery made sure the back door of the house was locked. Ms. Howery testified that between 2:00 a.m. and 3:00 a.m. on 4 April 1992, her dog was barking loudly, and although Ms. Howery testified she usually arose to quiet her dog, she did not on that particular occasion. When Ms. Howery

awoke on 4 April 1992 around 6:30 a.m., she discovered the back door open and her pocketbook missing and called the police around 7:00 a.m. It is undisputed that no one saw defendant enter the Howerys' home, no latent fingerprints were found at the home, and a K-9 search in the general area around the home produced no evidence implicating defendant, who lived next door to the Howerys. On 4 April 1992, defendant went to a local convenience store around 8:00 a.m. and attempted to sell Ms. Howery's pocketbook. A consent search of defendant's residence did not produce any other fruits of the crime. At the close of the State's evidence, defendant moved to dismiss each of the charges, which motion was denied.

Defendant presented evidence of an alibi defense, claiming that he had been at a girlfriend's house from 9:00 p.m. on 3 April 1992 until around 7:00 a.m. on 4 April 1992. He testified that he found Ms. Howery's purse a block or two from his home at which time he remembered he was supposed to baby-sit for his other girlfriend with whom he shared a child and decided to give this other girlfriend the pocketbook. Defendant did not stay at this second girlfriend's home because he did not need to baby-sit and did not give his second girlfriend the pocketbook because she was not at home. Defendant testified he tried to sell Ms. Howery's purse to the clerk at the convenience store to buy some food and beer. At the close of all the evidence, defendant renewed his motion to dismiss the charges, which was again denied by the trial court.

After the convictions on the burglary, larceny, and possession of stolen goods charges, defendant plead guilty to the consolidated breaking and entering and larceny charges, four counts, and the one count of breaking and entering. Defendant answered the trial judge affirmatively and without equivocation when asked if he understood the nature and elements of the charges, the pleas and their effect, the possibility of a maximum sentence of ninety years, the right to remain silent and that any statement defendant made could be used against him, the right to plead not guilty and be tried by a jury and be confronted by the witnesses against him, and whether defendant entered the pleas with his own free will fully understanding what he was doing and whether he was satisfied with his trial counsel's legal services. Defendant answered in the negative when the trial court asked if he was under the influence of drugs or alcohol, but informed the trial court that he was under

medication. After defendant answered these questions, the following exchange took place:

THE COURT: Do you have any questions about what has just been said to you or about anything else connected with your cases?

THE DEFENDANT: No, sir. Your Honor, I have been convicted of a felony. This is my first time, sir.

THE COURT: But do you have any questions about what I've just said to you or about anything else connected with your cases?

THE DEFENDANT: No, sir, but I would like to say this—

([trial counsel] confers with the defendant at the defense table. Discussion is off the record).

THE DEFENDANT: No, sir.

After this exchange, defendant stipulated that there was a factual basis to support the pleas and consented to the State's giving a shorthand statement of the facts supporting the guilty pleas. After the State's shorthand statement, the court accepted defendant's guilty pleas and ordered them recorded.

After accepting the pleas, the court took evidence of aggravating factors from the State and mitigating factors from defendant to consider in the sentencing. During this stage, defendant's trial counsel indicated to the court that defendant wished to address the court. After receiving permission to address the trial court, defendant stated:

I really ain't understanding what happened; but I have been charged with these things; and it has come to a fact that I have to plead to make my life sentence better; and if there is any way possible, sir, you can take it into consideration and look into it—these three that I'm pleading into, sir—really, I don't know what I'm pleading into . . . .

The trial judge then asked if defendant had a problem with controlled substances to which defendant stated he thought he had a "drinking problem." The court proceeded to the sentencing stage after which defendant again addressed the court and stated that "I don't fully understand it, sir. [My trial counsel] said that I had a life sentence—anything I had to do without that wouldn't be

more than life." The defendant also asked "can I not come back to court—and I just misunderstand this, sir."

On 15 December 1992, the trial court appointed appellate counsel due to a conflict order concerning defendant's trial counsel's ability to represent defendant at the appellate level. Subsequently, on 22 December 1992 and 15 February 1993, extensions of time to serve the proposed Record on Appeal were allowed. On 12 April 1993, defendant filed a Motion for Appropriate Relief alleging ineffective assistance of counsel.

---

The issues presented are whether (I) the State produced sufficient evidence of the element of nighttime to establish burglary; (II) a defendant's statement after a guilty plea is accepted is relevant for purposes of N.C. Gen. Stat. § 15A-1022; (III) consolidating convictions for judgment cures the prohibition against convictions on both possession of stolen goods and larceny for the same goods; and (IV) the evidence before this Court is sufficient to justify this Court's ruling on defendant's motion for appropriate relief.

I

TRIAL

The offense of first-degree burglary consists of six elements: (1) the breaking, (2) and entering, (3) in the nighttime, (4) into a dwelling house or sleeping apartment of another, (5) which is actually occupied at the time of the offense, and (6) with the intent to commit a felony therein. *State v. Davis*, 282 N.C. 107, 116, 191 S.E.2d 664, 670 (1972). If, however, the breaking and entering into a dwelling house or sleeping apartment of another with the intent to commit a felony therein occurs during the daytime, the offense committed is felonious breaking and entering, and not burglary. *State v. Cox*, 281 N.C. 131, 187 S.E.2d 785 (1972). In North Carolina, there is no statutory definition of nighttime; however, our courts adhere to the common law definition of nighttime as that time after sunset and before sunrise "when it is so dark that a man's face cannot be identified except by artificial light or moonlight." *State v. Frank*, 284 N.C. 137, 145, 200 S.E.2d 169, 175 (1973); *State v. Ledford*, 315 N.C. 599, 607, 340 S.E.2d 309, 315 (1986). Therefore, to survive the motion to dismiss, the State must have produced substantial evidence of nighttime, *see State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990), that is,

such relevant evidence that a reasonable mind might accept as adequate to support the conclusion that when the breaking and entering of the Howerys' house occurred, it was that time "when it is so dark that a man's face cannot be identified except by artificial light or moonlight." *See State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

**[1]** The evidence, in the light most favorable to the State, *see Lynch*, 327 N.C. at 215, 393 S.E.2d at 814, shows someone broke into the Howerys' home between 10:00 p.m. on 3 April 1992 and around 6:30 a.m. on 4 April 1992 when Ms. Howery awoke to find her purse gone and her back door open. Her dog barked at some time between 2:00 a.m. and 3:00 a.m. on 4 April 1992, but she did not arise to see why her dog was barking. The State did not present any evidence as to the condition of light outside when Ms. Howery arose on 4 April 1992, but we take judicial notice that on 4 April 1992 in Gaston County, civil twilight began at 5:41 a.m., and the sun rose at 6:07 a.m. *See* the schedule for sunrise and sunset in Gastonia, Gaston County, North Carolina computed by the Nautical Almanac Office, United States Naval Observatory; *see also State v. Garrison*, 294 N.C. 270, 280, 240 S.E.2d 377, 383 (1978) (our Supreme Court takes judicial notice of U.S. Naval Observatory report to affirm nighttime element in burglary conviction). Because the breaking and entering could have occurred at any time up until 6:30 a.m. on 4 April 1992, a time after which the sun rose, the evidence is only sufficient to raise a "suspicion or conjecture" that the breaking and entering of the Howerys' home occurred at nighttime. *See State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (motion to dismiss should be allowed where evidence only raises suspicion or conjecture of commission of offense). Thus, the State failed to produce such relevant evidence that a reasonable mind might accept as adequate to support the conclusion that when the breaking and entering occurred, it was that time "when it is so dark that a man's face cannot be identified except by artificial light or moonlight." Because the State failed to produce evidence sufficient to permit the jury to determine defendant's guilt of first-degree burglary, he is entitled to have the charge of burglary against him dismissed. *State v. Smith*, 307 N.C. 516, 518, 299 S.E.2d 431, 434 (1983).

Although the evidence is insufficient to sustain a conviction of first-degree burglary, the jury, in convicting defendant of first-degree burglary, necessarily found facts which establish felonious

breaking and entering, i.e., the breaking and entering of a building with intent to commit any felony or larceny therein. N.C.G.S. § 14-54(a) (1993); *Cox*, 281 N.C. at 135, 187 S.E.2d at 788; *State v. Dawkins*, 305 N.C. 289, 290-91, 287 S.E.2d 885, 887 (1982); *State v. Jolly*, 297 N.C. 121, 254 S.E.2d 1 (1979); *see also State v. Barnette*, 304 N.C. 447, 284 S.E.2d 298 (1981) (when jury found defendant guilty of first-degree rape it necessarily found facts supporting conviction of second-degree rape); *State v. McClain*, 112 N.C. App. 208, 435 S.E.2d 371 (1993) (by finding defendant guilty of first-degree rape and first-degree sexual offense, jury necessarily found defendant guilty of second degree rape and second degree sexual offense). Therefore, "[t]he verdict [guilty of first-degree burglary] **must** . . . be considered a verdict of felonious breaking and entering, a lesser degree of the crime of burglary, and a violation of G.S. 14-54(a) . . . ." *Cox*, 281 N.C. at 136, 187 S.E.2d at 788 (emphasis added).

## II

### GUILTY PLEAS

Defendant does not have an appeal as a matter of right under N.C. Gen. Stat. § 15A-1444 to challenge the trial court's acceptance of his guilty pleas, N.C.G.S. § 15A-1444 (1988); *State v. Bollinger*, 320 N.C. 596, 601, 359 S.E.2d 459, 462 (1987); however, on this issue, we allow defendant's petition for writ of certiorari which he appropriately filed in this Court on 30 November 1993 pursuant to N.C. R. App. P. 21.

N.C. Gen. Stat. § 15A-1022, which governs the duties of a superior court judge when accepting a plea of guilty or no contest, provides in pertinent part:

[A] superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:

(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;

(2) Determining that he understands the nature of the charge;

(3) Informing him that he has a right to plead not guilty;

(4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;

(5) Determining that the defendant, if represented by counsel, is satisfied with his representation;

(6) Informing him of the maximum possible sentence on the charge, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge . . . .

N.C.G.S. § 15A-1022(a) (Supp. 1993). Section 15A-1022 goes on to provide that "[t]he judge may not accept a plea of guilty or no contest from a defendant without first determining that the plea is a product of informed choice." N.C.G.S. § 15A-1022(b). The statute and federal and state constitutions mandate that the court determine the plea was voluntary and the informed choice of the defendant by inquiring personally of the defendant about his plea. *Bryant v. Cherry*, 687 F.2d 48 (4th Cir.), *cert. denied*, 459 U.S. 1073, 74 L. Ed. 2d 637 (1982); *State v. Williams*, 65 N.C. App. 472, 481, 310 S.E.2d 83, 88 (1983).

[2] Defendant argues that the trial court did not perform its duties required by Section 15A-1022 to determine, before accepting a plea, that the plea was freely and voluntarily given and the product of informed choice. Therefore, defendant contends the court erred in accepting defendant's pleas of guilty to the four consolidated counts of breaking and entering and larceny and the one count of breaking and entering. Because Section 15A-1022 relates only to the duties of a trial judge **prior** to "accept[ing] a plea of guilty," we look only at the record relating to the court's examination of defendant prior to its approval of his tendered pleas of guilty. *See State v. Wynn*, 278 N.C. 513, 180 S.E.2d 135 (1971). Accordingly, we do not address the effect of any reservations defendant may have expressed after the court accepted his pleas as those reservations are properly addressed by a pre-sentencing motion to withdraw a plea of guilty, a post-sentencing motion to withdraw a plea of guilty, or a motion for appropriate relief. *State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990). Although defendant's present motion for appropriate relief does not address the trial court's failure to inquire into defendant's reservations after the trial court accepted his guilty pleas, defendant may, before the trial court, amend his motion to contest this failure on grounds found in either Section 15A-1415(b)(3) or (b)(8).

The portion of the record before the trial court accepted defendant's pleas of guilty reflects only a careful examination concerning the voluntariness of defendant's pleas as required by Section

15A-1022(b). The court informed defendant of every right listed in Section 15A-1022(a) and the maximum possible sentence, and determined defendant understood the charges and was satisfied with his trial counsel. Defendant's responses to the court before it accepted his guilty pleas did not indicate any misunderstanding. Because the trial court complied with Section 15A-1022 in determining that defendant's pleas were voluntarily given and a product of informed choice and because defendant's answers did not indicate any misunderstanding requiring further inquiry by the trial court, the trial court did not err in accepting defendant's guilty pleas.

III

Sentencing

[3] Our Supreme Court, having determined that the crimes of larceny, receiving, and possession of stolen goods are separate offenses and that the Legislature did not intend to punish an individual for receiving and possession of the same goods he stole, held that a defendant may be tried and indicted on charges of larceny, receiving, and possession of the same property, but he may be convicted of only one of those offenses. *State v. Perry*, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982). Therefore, because the pocketbook was the "goods" involved in both the charge for larceny and the charge for possession of stolen goods, the trial court erred in failing to arrest judgment for defendant's conviction of felonious possession of stolen goods. This error was not cured when the trial court consolidated the convictions for judgment.

IV

Motion for Appropriate Relief

[4] N.C. Gen. Stat. § 15A-1418(a) provides that a motion for appropriate relief on grounds found in N.C. Gen. Stat. § 15A-1415 may be made in the appellate division when a case is in the appellate division for review. One ground found in Section 15A-1415(b), "[t]he conviction was obtained in violation of the Constitution of the United States or the Constitution of North Carolina," includes defendant's claim of ineffective assistance of counsel. *State v. Watkins*, 89 N.C. App. 599, 608, 366 S.E.2d 876, 881, *disc. rev. denied*, 323 N.C. 179, 373 S.E.2d 123 (1988). N.C. Gen. Stat. § 15A-1418(b) provides:

STATE v. BARNETT

[113 N.C. App. 69 (1993)]

> When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings. If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with the determination of the case.

N.C.G.S. § 15A-1418(b) (1988). Although the statute authorizes the appellate court to initially determine a motion for appropriate relief, *State v. Jolly*, 332 N.C. 351, 420 S.E.2d 661 (1992), where the materials before the appellate court, as in this case, are insufficient to justify a ruling, the motion must be remanded to the trial court for the taking of evidence and a determination of the motion. *State v. Burney*, 301 N.C. 223, 277 S.E.2d 690 (1980); *State v. Wiggins*, 334 N.C. 18, 431 S.E.2d 755 (1993); *State v. Hurst*, 304 N.C. 709, 285 S.E.2d 808 (1982). Because we have decided defendant's underlying appeal and because we have remanded the motion for appropriate relief to the trial court, the order of the trial court on the motion for appropriate relief will be subject to review by writ of certiorari. N.C.G.S. § 15A-1422(c)(3) (1988).

For these reasons, we reverse the first-degree burglary conviction, arrest judgment on the conviction for felonious possession of stolen goods, and remand for entry of a judgment of guilty of felonious breaking and entering. We find no error with the trial court's acceptance of defendant's guilty pleas. Furthermore, we remand defendant's motion for appropriate relief to the trial court.

Reversed in part, affirmed in part, and remanded.

Judges COZORT and WYNN concur.