STATE OF NORTH CAROLINA
v.
MICHAEL ANTHONY BOHLER
No. COA07-1331
North Carolina Court of Appeals
Filed June 3, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General James M. Stanley, Jr., for the State.
Leslie C. Rawls, for defendant-appellant.
JACKSON, Judge.
Michael Anthony Bohler ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of felony breaking and entering, three counts of misdemeanor breaking and entering, felony larceny, three counts of misdemeanor larceny and four counts of felony possession of stolen goods. Defendant admitted his status as an habitual felon. For the following reasons, we hold no error in part, and vacate and remand in part.
The State's evidence tends to show that defendant and Leon Waters (Waters) committed multiple acts of breaking and entering the unoccupied home of Rosa Thompson (Thompson) in February and early March of 2006. Defendant and Waters removed numerous itemsof Thompson's personal property during this period, which they either sold or converted to their own uses. Pursuant to the Moore County Sheriff's Office investigation of the crimes, detectives received information indicating Waters might be a suspect in these crimes. Upon searching Waters' residence, numerous items belonging to Thompson were recovered. Waters spoke with the detectives and implicated defendant as an accomplice in the crimes.
Defendant was tried at the 9 April 2007 criminal session of Moore County Superior Court, and convicted of felony breaking and entering, three counts of misdemeanor breaking and entering, felony larceny, three counts of misdemeanor larceny and four counts of felony possession of stolen goods. Judge Long sentenced defendant as a prior record level IV, and defendant admitted to habitual felon status. The judgments were consolidated, and defendant was sentenced in the presumptive range to a term of 120-153 months imprisonment. From this judgment, defendant appeals.
In his sole assignment of error, defendant argues that the trial court erred by entering judgment on jury verdicts of guilty of larceny and possession of stolen goods, when the indictments for larceny and possession of stolen goods charges involved the identical stolen items. We agree.
The prosecutor may of course go to trial against a single defendant on charges of larceny, receiving, and possession of the same property. However, having determined that the crimes of larceny, receiving, and possession of stolen property are separate and distinct offenses, but having concluded that the Legislature did not intend to punish an individual for receiving or possession of the same goods that he stole, we hold that, thougha defendant may be indicted and tried on charges of larceny, receiving, and possession of the same property, he may be convicted of only one of those offenses.
State v. Perry, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982). This error was not cured by the trial court's consolidation of these charges for judgment. State v. Barnett, 113 N.C. App. 69, 78, 437 S.E.2d 711, 716-17 (1993). We note that the State, in its brief, concedes that the trial court's judgment constitutes error.
We vacate the judgments on defendant's convictions for possession of stolen property. Defendant has not contested any other aspect of his conviction on the additional charges, nor does he contest the judgments thereon. Defendant's other convictions therefore stand. We remand to the trial court for judgment and sentencing in accordance with this opinion.
No Error in part, vacated and remand in part.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).