STATE OF NORTH CAROLINA
v.
JEREMY CARL BISHOP.
No. COA08-46
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tawanda Foster-Williams, for the State.
Brian Michael Aus for defendant-appellant.
WYNN, Judge.
Although a defendant may be indicted and tried on charges of larceny and possession of the same property, he may be convicted of only one of the two offenses.[1] Because Defendant Jeremy Carl Bishop was convicted of two counts of felonious larceny and two counts of felonious possession of stolen goods based on the taking and possession of the same goods, we arrest judgment on Defendant's convictions for felonious possession of stolen goods and remand.
The State's evidence tended to show that sometime between 23 and 24 March 2006, Defendant, his girlfriend, and two male friends went to the farm of John Henry Mott, who owned an electrical business. At the farm, Defendant and his friends entered two trailers and removed copper wire from each trailer. The copper was sold to a salvage yard and Defendant received about $100 for his share from the sale.
After presentation of evidence by the State and Defendant, the jury convicted Defendant of two counts of felonious larceny, two counts of felonious possession of stolen goods, and two counts of felonious entering. Defendant pled guilty to attaining habitual felon status. Subsequently, the trial court consolidated the offenses into one judgment and sentenced Defendant to a minimum of 107 months' and a maximum of 158 months' imprisonment.
On appeal, Defendant argues, and the State agrees, that the trial court erred by entering judgment on two counts of felonious possession of stolen goods and two counts of felonious larceny, as both were based on the taking and possession of the copper wire.
Our Supreme Court has held that although a defendant may be indicted and tried on charges of larceny and possession of the same property, he may be convicted of only one of the two offenses. State v. Perry, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982) (stating that "the Legislature did not intend to punish an individual for receiving or possession of the same goods that he stole").
Here, because the copper wire was the "goods" involved in both the charges for larceny and the charges for possession of stolen goods, the trial court erred in failing to arrest judgment for Defendant's convictions of felonious possession of stolen goods. See State v. Barnett, 113 N.C. App. 69, 78, 437 S.E.2d 711, 717 (1993) (holding that the trial court erred in failing to arrest judgment for defendant's conviction of felonious possession of stolen goods because the same goods were involved in the charge of larceny and of possession of stolen goods). This error was not cured when the trial court consolidated the convictions for judgment. See id. (stating that the error in failing to arrest judgment for defendant's conviction of felonious possession of stolen goods was not cured when the trial court consolidated the convictions for judgment). Therefore, we arrest judgment on Defendant's convictions for felonious possession of stolen goods in the cases numbered 06CRS51636 and 06CRS51643, and remand for entry of judgment and sentencing on the felonious larceny convictions.
Judgment arrested and remanded for sentencing.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
NOTES
[1] State v. Perry, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982).