STATE OF NORTH CAROLINA v. WALTER LEE COX

No. 70

(Filed 12 April 1972)

1. Criminal Law § 161— appeal as exception to judgment

The appeal itself constitutes an exception to the judgment and presents for review any error appearing on the face of the record proper, even in the absence of proper exception and assignment.

2. Burglary and Unlawful Breakings § 1— burglary defined

Burglary consists of a breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony therein; if the burglarized dwelling is occupied, it is burglary in the first degree, and if unoccupied, it is burglary in the second degree. G.S. 14-51.

3. Burglary and Unlawful Breakings § 1— burglary — offense in nighttime

To constitute burglary in either degree, the common law required the felonious breaking and entering to occur in the nighttime, and this common law requirement is still the law in this State. G.S. 4-1.

4. Criminal Law § 146— Supreme Court — exercise of supervisory jurisdiction

In this appeal from a conviction of second degree burglary, the Supreme Court, in the exercise of its supervisory jurisdiction, takes notice of the lack of proof of burglary, although such question was not raised by appellant. Art. IV, Sec. 12(1) of the N. C. Constitution.

5. Burglary and Unlawful Breakings §§ 5, 7— verdict of second degree burglary — offense in daytime — felonious breaking and entering

Defendant's conviction of second degree burglary cannot stand where all the State's evidence tends to show that the crime occurred in the daytime; since it is apparent that the jury found facts which establish defendant's guilt of breaking and entering a residence in the daytime with intent to commit the felony of robbery therein, but that the jury mislabeled its verdict, calling it burglary in the second degree, because the judge erroneously instructed it to do so, the verdict must be considered a verdict of felonious breaking and entering, a lesser degree of the crime of burglary, and the cause is remanded for pronouncement of judgment upon such verdict.

DEFENDANT appeals from *Braswell, J.,* 17 March 1971 Criminal Session, PERSON Superior Court. This case was docketed as No. 110 and argued at the Fall Term 1971.

Defendant was tried upon two bills of indictment. In Case No. 70 CR 4203 the bill charged defendant with the common law robbery of Sanders McWhorter on 17 November 1970 in Person County. In Case No. 70 CR 4204 the bill charged that

defendant burglariously broke and entered the occupied dwelling of one Sanders McWhorter on 17 November 1970, *in the night of the same day,* with force and arms, with the felonious intent to steal, take and carry away the goods and chattels of the said Sanders McWhorter located in said dwelling house against the peace and dignity of the State. Defendant pled not guilty to both charges.

Sanders McWhorter testified that he first saw defendant on 17 November 1970 "at approximately 1:30 in the afternoon when I returned to my house after going out for lunch. I was unlocking my back door and walked in and when I looked up he was standing directly in front of me. He had just stepped out behind the door of a broom closet that I had. I started to ask him what he was doing and before I could get it out of my mouth he hit me across the head and knocked me down and in the ensuing short scuffle after that he hit me the second time and knocked me back against the doorknob on the door and broke my shoulder." This witness further stated that defendant demanded money and threatened to kill him if he did not surrender it. Defendant thereupon took McWhorter's billfold containing between eight and ten dollars and fled. The victim sought hospital treatment and was an outpatient for about three weeks on account of his injuries. Mr. McWhorter further testified that the kitchen window, which had been previously closed and thumb-latched, had been raised, and flower pots against the window had been knocked down and broken.

On 20 November 1970 at approximately 11 a.m., defendant was exhibited to Sanders McWhorter in a lineup of eight black males basically dressed the same and about the same size and color. Defendant was represented by counsel, and his counsel personally brought two of the eight men who stood in the lineup. McWhorter testified he had no difficulty picking defendant out—"I picked him out on the first try and I only picked one." The court conducted a voir dire, determined the admissibility of the evidence identifying defendant, and it was admitted for consideration by the jury. There was other identification evidence, but its narration is not necessary to decision in this case.

Walter Lee Cox, as a witness in his own behalf, testified that he resided in Durham and worked at the University Grill;

that on 17 November 1970 he did not work on his regular job but assisted William Lloyd moving furniture. "We were helping the lady move. We did this all day on November 17, 1970." He said his friend stayed with this lady, and he did the work to pick up some extra money. The job was completed about three or four o'clock at which time he went with William Lloyd to Lloyd's home in Chapel Hill where they played records, got "a little drunk," and spent the night. He was unable to give Lloyd's address and said "I don't know where he is today." He swore he was not in Roxboro on 17 November 1970, did not know Mr. McWhorter, and had never seen him previous to the hearing in this case. He stated on cross-examination that he was nineteen years of age, had been convicted of robbery in Virginia and had served time in North Carolina for breaking and entering. While serving that sentence he said he escaped "from Person County."

On the burglary charge the court instructed the jury to return a verdict of guilty of burglary in the second degree or not guilty, as the jury may find. On the robbery charge the court instructed the jury to return a verdict of guilty of common law robbery or not guilty, as the jury may find. The jury found defendant guilty of burglary in the second degree and guilty of common law robbery. Defendant was sentenced to thirty years on the burglary conviction and ten years on the robbery conviction, to begin at the expiration of the burglary sentence. His appeal to the Court of Appeals was transferred to the Supreme Court for initial appellate review pursuant to our general order dated 31 July 1970.

*Ramsey, Jackson & Hubbard by George W. Jackson, Attorney for defendant appellant.*

*Robert Morgan, Attorney General, and James B. Richmond, Assistant Attorney General, for the State of North Carolina.*

HUSKINS, Justice.

[1] Defendant states in his brief that he has been unable to find reversible error in the trial below and simply presents the record in the hope that the Court will discover error *ex mero motu.* While we are not required to do so under our rules, we have nevertheless examined the entire record in view of the seriousness of the charges and the sentences imposed. The ap-

State v. Cox

peal itself constitutes an exception to the judgment and presents for review any error appearing on the face of the record proper, even in the absence of proper exception and assignment. *State v. Elliott*, 269 N.C. 683, 153 S.E. 2d 330 (1967).

In the first case (No. 70 CR 4203) defendant was charged with and convicted of common law robbery. The bill of indictment is proper in form, and the judgment is supported by the verdict and is within the limits authorized by G.S. 14-2. No error appears of record with respect to defendant's conviction of common law robbery. Hence the judgment in the robbery case must be upheld.

In the second case (No. 70 CR 4204) defendant was charged with a capital felony in the bill of indictment and convicted of burglary in the second degree for which he received a prison sentence of thirty years. To insure the proper administration of justice, we have reviewed not only the record proper but the evidence and the charge of the court as well.

All the State's evidence tends to show that defendant entered the McWhorter dwelling during daylight hours. Mr. McWhorter himself testified that he first saw defendant "at approximately 1:30 in the afternoon when I returned to my house after going out for lunch." There is no evidence of entry during the hours of darkness. Rather, the State's evidence shows a breaking or entering in the daytime with intent to commit a felony in violation of G.S. 14-54, a lesser degree of the offense of burglary punishable by imprisonment not to exceed ten years under G.S. 14-2.

[2, 3] Burglary was a criminal offense at common law. "To warrant a conviction thereof it must be made to appear that there was a breaking and entering *during the nighttime* of a dwelling or sleeping apartment with intent to commit a felony therein." (Emphasis added.) *State v. Mumford*, 227 N.C. 132, 41 S.E. 2d 201 (1947). Since 1889, burglary has been divided into two degrees by G.S. 14-51. If the burglarized dwelling is occupied, it is burglary in the first degree; if unoccupied, it is burglary in the second degree. G.S. 14-51; *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923); *State v. Morris*, 215 N.C. 552, 2 S.E. 2d 554 (1939). To constitute burglary in either degree, however, the common law required the felonious breaking and entering to occur *in the nighttime, State v. Whit*, 49

N.C. 349 (1857) ; and this common law requirement is still the law in North Carolina. G.S. 4-1. By virtue of the cited statute, all parts of the common law of England which were heretofore in force and which have not been abrogated or repealed by statute remain in full force within this State. *State v. Lackey,* 271 N.C. 171, 155 S.E. 2d 465 (1967) ; *State v. Ingland,* 278 N.C. 42, 178 S.E. 2d 577 (1971).

[4, 5] In light of these principles, the burglary charge was submitted to the jury under a misapprehension of the law, and defendant's conviction of burglary in the second degree cannot stand. To do justice in this case and to insure the proper administration of the criminal laws, we deem it appropriate to exercise our general supervisory jurisdiction conferred on the Supreme Court by Article IV, Section 12(1) of the Constitution of North Carolina, to take notice of the total lack of proof of burglary. *Compare State v. Brown,* 263 N.C. 786, 140 S.E. 2d 413 (1965).

The judge charged the jury in the burglary case as follows:

"As to the charge of burglary in the second degree, I charge you that if you find from the evidence and beyond a reasonable doubt, the burden being on the State to so satisfy you that on the 17th day of November, 1970, that this defendant, Walter Lee Cox, did break and enter into the dwelling house here in Roxboro, owned and occupied by Sanders McWhorter, that at the time of the breaking and entering the building which is [sic] used as a dwelling house by Sanders McWhorter, that at the time of the breaking and entering no person was then physically inside of the dwelling house and that at the time of the breaking and entering it was the intent of the defendant to commit the felony of robbery therein, then upon your finding of these facts beyond a reasonable doubt, it would be your duty to return a verdict of guilty, as charged, of burglary in the second degree."

Since all the evidence shows the offense occurred at approximately 1:30 in the afternoon, it is perfectly apparent that the jury found the very facts enumerated in the judge's charge —facts which establish breaking and entering of the McWhorter residence in the daytime with intent to commit the felony of robbery therein. The jury mislabeled its verdict, calling it

State v. Cox

burglary in the second degree, because the judge erroneously instructed it to do so. The verdict must therefore be considered a verdict of felonious breaking and entering, a lesser degree of the crime of burglary, and a violation of G.S. 14-54(a) punishable by imprisonment not to exceed ten years under G.S. 14-2. Hence, leaving the verdict undisturbed but recognizing it for what it is, the judgment is vacated in the burglary case (No. 70 CR 4204) and the cause is remanded to the Superior Court of Person County for the pronouncement of a judgment as upon a verdict of guilty of felonious breaking and entering. G.S. 14-54(a); G.S. 14-2; *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969); *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966). The Clerk of the Superior Court of Person County shall thereupon issue a revised commitment in Case No. 70 CR 4204, bearing the same date as the original commitment, to be substituted for the commitment heretofore issued. The effect will be, and it is so intended, that the defendant will receive credit upon the new commitment for all the time heretofore served for second degree burglary.

Inasmuch as the valid judgment of imprisonment for ten years pronounced in Case No. 70 CR 4203 was made to begin at the expiration of the thirty-year sentence imposed in Case No. 70 CR 4204, which is now vacated, Case No. 70 CR 4203 is remanded to the Superior Court of Person County to the end that the judgment may be modified so as to provide that the ten-year sentence shall commence at the expiration of the sentence which may be imposed in Case No. 70 CR 4204, or may run concurrently with it, as the court in its discretion may determine.

In the common law robbery case (70 CR 4203)—Remanded.

In the burglary case (70 CR 4204)—Remanded for Judgment.