STATE OF NORTH CAROLINA v. EDDIE LEWIS SMITH

No. 825SC1182

(Filed 3 January 1984)

1. **Burglary and Unlawful Breakings § 5.7; Larceny § 7— breaking or entering—larceny—failure to give acting in concert instructions—insufficient evidence**

   Where the trial court failed to give instructions on acting in concert with regard to breaking or entering an automobile and larceny of a tool box therefrom, and where the State failed to show that defendant personally broke into or entered the automobile and that defendant personally took and carried away the tool box, defendant's convictions for breaking or entering the automobile and larceny of the tool box must be reversed.

2. **Burglary and Unlawful Breakings § 1.2— constructive breaking**

   Evidence that an accomplice went through an open window of a house and then opened the front door for defendant to enter the house was sufficient to show a constructive breaking by defendant.

   Judge JOHNSON concurring in part and dissenting in part.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 20 April 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 31 August 1983.

Defendant was tried and convicted of first degree burglary, breaking or entering a motor vehicle, and larceny. He was sentenced to fifteen years in prison.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant.*

BECTON, Judge.

I

The State presented evidence tending to show that on 9 February 1982, defendant, Eddie Smith, and John Richardson were visiting at Jerome Chavis' house. Upon returning from the bathroom, defendant told Richardson, who testified for the State, that he had opened the bathroom window. They left Chavis' house and returned to defendant's house from which they went for a

State v. Smith

ride with Erick Kea. When they passed in front of Chavis' house, defendant told Kea to stop. Defendant produced keys that he had gotten from Chavis' work pants, and unsuccessfully tried to open the trunk of Chavis' car. Kea tried the key and opened the trunk. Kea and Richardson removed two tool boxes from Chavis' car and put them in Kea's car. Defendant then tried to open the door of Chavis' house with a key and failed. Remembering that he had opened the bathroom window earlier, defendant told Richardson to crawl through the window. With a boost from Kea and defendant, Richardson crawled through the window and opened the front door for Kea and defendant. The three then went into the bedroom and searched through some drawers, taking a camera and a shotgun, and removing a container of pennies from a table. When something dropped to the floor, awakening Mr. Chavis, defendant and Kea immediately ran from the house. After being recognized by Chavis, Richardson ran and caught up with the others.

Richardson returned to Chavis' house to retrieve a jacket he had left. He told Chavis that he would help him get his gun back if he would not call the police. Richardson shortly rejoined defendant and Kea in Kea's car. Later, as they were siphoning some gas from a school bus for Kea's car, the police drove up. Defendant ran, but Richardson and Kea were apprehended and arrested. The police searched Kea's vehicle with his consent and found the shotgun and tool boxes in the trunk.

Defendant presented evidence tending to show that although he was with Richardson at Chavis' house from about 9:30 p.m. until 10:30 p.m. on the night in question, he was at his girlfriend's house during the time of the alleged crimes. Defendant denied opening Chavis' bathroom window, taking Chavis' keys, or participating in any way with Richardson in the alleged crimes.

II

Because the trial court failed to instruct on acting in concert, defendant argues that the State had to satisfy the jury that defendant personally committed every element of the offenses charged. He thus argues that his convictions must be reversed because there was insufficient evidence that he personally committed every element of each offense. We agree with the defendant with regard to his breaking or entering a motor vehicle

conviction and his larceny conviction. We disagree with defendant with regard to the burglary conviction.

## A. The Breaking or Entering and Larceny Charges

[1] One indictment against defendant alleged that defendant broke and entered a motor vehicle in violation of N.C. Gen. Stat. § 14-56 (1981). However, the State's evidence showed that, although the defendant was at the scene, codefendant Kea actually unlocked and opened the automobile trunk, and Kea and Richardson reached into, and took two boxes out of, the trunk.

The defendant was also indicted for larceny of a tool box containing assorted tools, having a value of $68.00, in violation of N.C. Gen. Stat. § 14-72 (1981). Two of the essential elements of larceny are (1) the taking of items and (2) the carrying away of the items. Again, the State's evidence showed that, although the defendant was present, Richardson and Kea did the actual taking and carrying away of the tool box.

Significantly, the trial court failed, with regard to the breaking or entering and larceny charges, to instruct the jury on the law of acting in concert. Because the jury was never told that it could convict defendant if it found that he acted in concert with others in the commission of the elements of each of the offenses, the State had to satisfy the jury that defendant personally committed every element of each offense. *State v. Cox*, 303 N.C. 75, 277 S.E. 2d 376 (1981). This the State did not do. The only theory of the defendant's guilt submitted to the jury was that defendant actually committed every element of each of the offenses. The State's case must succeed or fail on that theory.

Our Supreme Court, in *State v. Cox*, upheld a trial court's failure to instruct on acting in concert because there was "much evidence" that all three defendants kidnapped the victim. Presciently addressing the effect of the trial court's failure to so instruct, the *Cox* Court said:

The trial judge's failure to instruct the jury in the present case on the law of acting in concert as it relates to kidnapping was therefore beneficial to defendants Covington and Godfrey. *In the absence of that instruction, the State had to satisfy the jury that each defendant committed every ele-*

*ment of the kidnapping offense in order to obtain a conviction for all three defendants.* Had the instruction been given, the jury could have convicted all three defendants of kidnapping if it was satisfied beyond a reasonable doubt that one defendant committed all the elements of kidnapping, while the other two defendants were merely present at the scene and acting with the first defendant according to a common purpose or plan.

*Id.* at 86, 277 S.E. 2d at 383 (emphasis added).

The conclusion we reach on the breaking or entering and larceny charges, buttressed by *Cox,* is consistent with the long-held rule that a defendant may not be convicted of an offense on a theory of his guilt different from that presented to the jury. For example, a conviction for felony larceny may not be based on the value of the thing taken when the trial court has instructed the jury only on larceny pursuant to burglarious entry. *See State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969) and *State v. Hall,* 57 N.C. App. 561, 291 S.E. 2d 812 (1982).

Simply put, since the trial court failed to give acting in concert instructions with regard to the breaking or entering and larceny charges, and since the State failed to show that (a) the defendant personally broke or entered the motor vehicle; and (b) the defendant personally took and carried away the tool box, defendant's convictions for breaking or entering and larceny must be reversed.

### B. The Burglary Charge

[2] Defendant was indicted for first degree burglary of Chavis' home in violation of N.C. Gen. Stat. § 14-51 (1981). The primary thrust of defendant's argument on this charge is that the State did not prove a breaking, one of the essential elements of burglary. The State's evidence showed that Richardson went through an open window and then opened the front door for defendant and Kea to enter the house. In burglary cases, both a breaking *and* an entering is required. However, a "constructive breaking is as sufficient a breaking for the purposes of this offense [burglary] as any physical removal by the defendant of a barrier to entry." North Carolina Pattern Jury Instructions — Criminal § 214.10, n. 1 (February 1977).

Constructive breaking, as distinguished from actual forcible breaking, may be classed under the following heads:

1. When entrance is obtained by threats, as if the felon threatens to set fire to the house unless the door is opened.

2. When, in consequence of violence commenced, or threatened in order to obtain entrance, the owner, with a view more effectually to repel it, opens the door and sallies out, and the felon enters.

3. When entrance is obtained by procuring the servants *or some inmate* to remove the fastening.

4. When some process of law is fraudulently resorted to for the purpose of obtaining an entrance.

5. When some trick is resorted to to induce the owner to remove the fastening and open the door, and the felon enters; as, if one knocks at the door, under pretense of business, or counterfeits the voice of a friend, and, the door being opened, enters. [Emphasis added.]

In all these cases, although there is no *actual breaking*, there is a breaking in law or by construction; 'for the law will not endure to have its justice defrauded by such evasions.' In all other cases, when no fraud or conspiracy is made use of or violence commenced or threatened *in order to obtain an entrance*, there must be an actual breach of some part of the house.

*State v. Wilson*, 289 N.C. 531, 539-40, 223 S.E. 2d 311, 316 (1976) (quoting *State v. Henry*, 31 N.C. (9 Ired.) 463, 467 (1849)).

The defendants' acts of procuring and using Richardson to open the door constituted a constructive breaking, obviating any need for instructions on acting in concert on the burglary charge.

III

The judgments of convictions in the breaking or entering and larceny cases are

Reversed.

In the judgment of conviction on the burglary charge, we find

No error.

Judge BRASWELL concurs.

Judge JOHNSON concurs in part and dissents in part.

Judge JOHNSON concurring in part and dissenting in part.

I concur in the majority's opinion in reversing defendant's convictions for breaking or entering and larceny. I dissent in the majority's opinion in finding no error in defendant's conviction on the burglary charge.

Defendant argues that except under the theory of acting in concert, the evidence is insufficient to show that he committed the essential element of a *breaking*. In my opinion, defendant is correct. Burglary requires a breaking *and* entering. The State's evidence shows only that the defendant, with intent to commit a felony in violation of G.S. 14-54, entered the Chavis' home through an opened door; the door having in fact been opened by Tommy Richardson, an accomplice. Where a defendant is present with another person and with a common purpose does some act which forms a part of the offense charged, the judge is required to explain and apply the law of "acting in concert." *State v. Mitchell,* 24 N.C. App. 484, 211 S.E. 2d 645 (1975).

In my opinion, the majority errs in holding that the defendant *constructively* broke into the Chavis' home by procuring an *inmate* (Richardson) of the Chavis' home to open the door. Richardson, an accomplice, may not be properly characterized as an "inmate." An inmate is a person who "lodges or dwells in the same house with another, occupying different rooms but using the same door for passing in and out of the house." *Black's Law Dictionary* (4th Edition, 1951). None of the evidence shows or supports the inference that, at the time in question, Richardson was "lodging" or "dwelling" within the Chavis' home. Therefore, neither a breaking nor a constructive breaking by defendant was established by the evidence produced at trial, and consequently the trial court erred by failing to charge the jury on acting in concert. *State v. Mitchell, supra; State v. Cox,* 303 N.C. 75, 277 S.E.

2d 376 (1981). The only theory of defendant's guilt that could properly be submitted to the jury on this evidence was that of acting in concert. This the trial court did not do. Nonetheless, defendant is not entitled to have the burglary conviction reversed. The State's evidence shows that the defendant entered the Chavis' home *through an opened door* with intent to commit a felony, in violation of G.S. 14-54, a lesser degree of the offense of burglary punishable by imprisonment not to exceed ten years under G.S. 14-1.1. Defendant was sentenced to a term of 15 years. Accordingly, the judgment and sentence imposed for first degree burglary should be vacated and the case should be remanded for resentencing. *See State v. Cox*, 281 N.C. 131, 187 S.E. 2d 785 (1972).