IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1043

Filed: 21 April 2020

Forsyth County, No. 18CRS712745-46

STATE OF NORTH CAROLINA

v.

JAMES LLOYD MONEY, Defendant.

Appeal by Defendant from judgment entered 24 April 2019 by Judge Carl R. Fox in Forsyth County Superior Court. Heard in the Court of Appeals 1 April 2020.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Neil Dalton, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for Defendant.*

BROOK, Judge.

James Lloyd Money ("Defendant") appeals from judgment entered upon jury verdicts for driving while license revoked, operating a vehicle while displaying an expired registration plate, and operating a vehicle without an approved inspection certificate. Defendant argues that the trial court erred in denying his motion to dismiss because the evidence presented at trial did not support the charges of operating a motor vehicle while displaying an expired registration plate and operating a motor vehicle without an approved inspection certificate. Defendant further argues that his sentence was not authorized by law.

For the following reasons, we agree with Defendant that the trial court erred in denying his motion to dismiss the charge of operating a motor vehicle while displaying an expired registration plate but hold the trial court properly denied Defendant's motion to dismiss the charge of operating a vehicle without an approved inspection certificate. We further hold that the trial court erred in its sentencing of Defendant.

## I. Factual and Procedural Background

On 27 April 2018, Kernersville Police Officer Sawyer Highfill stopped Defendant because he was driving his pickup truck without a license plate. Defendant provided Officer Highfill with an insurance card and the truck's Vehicular Identification Number ("VIN") number and told Officer Highfill that he "was not required to" produce a driver's license. Officer Highfill entered the truck's VIN number into the police database and determined that the truck was registered to Defendant, but the registration and inspection were expired. Officer Highfill also determined that Defendant's license was revoked.

Officer Highfill issued two citations. The first, bearing file number 2018CR 712745, alleged that Defendant did unlawfully and willfully:

> (1) operate a motor vehicle on a street or highway while the Defendant's driver's license was revoked. (G.S. 20-28(A)).

> (2) operate a motor vehicle on a street or highway without displaying thereon a current approved inspection certificate, such vehicle requiring inspection in North

Carolina. Month Expired 03/2015. (G.S. 20-183.8(A)(1)).

The second, with file number 2018CR 712746, alleged that Defendant did unlawfully and willfully

> operate a motor vehicle on a street or highway while displaying an expired registration plate on the vehicle knowing the same to be expired. (G.S. 20-111(2)).

Defendant was tried in district court on 17 October 2018 and found guilty of the offenses. Defendant appealed to superior court.

On 23 April 2019, Defendant represented himself in a jury trial before Judge Fox in Forsyth County Superior Court. At trial, Defendant testified in his defense that he did not have a driver's license because, based on his legal research, he concluded that driver's licenses were only required for commercial vehicles, and he drove his vehicle for personal use. He testified that he "probably" made a conscious decision to remove the registration plate from his truck several years prior to 27 April 2018 after conducting legal research that led him to believe that registration plates were only required for commercial vehicles. At the close of the State's evidence and at the close of all evidence, Defendant made a motion to dismiss for "lack of evidence," which the trial court denied.

During closing arguments, Defendant argued that for the charge of driving while license revoked, he did not "have a driver's license to actually be suspended in the first place[,]" and "[i]t's kind of hard to suspend something you don't have." As to

the charge of operating a motor vehicle without an approved inspection certificate, Defendant argued that he maintained his vehicle himself and ensured that it was safe. Finally, as to the charge of operating a motor vehicle while displaying an expired registration plate, Defendant argued, "[T]here's no plate on there to actually be expired in the first place. It's not there."

The jury found Defendant guilty of driving while license revoked, a Class 3 misdemeanor, and operating a motor vehicle while displaying an expired registration plate, a Class 3 misdemeanor. The jury found Defendant responsible for operating a motor vehicle without an approved inspection certificate. Judge Fox indicated on the judgment form that Defendant was a prior record level I with zero prior convictions and sentenced Defendant to 10 days' imprisonment, suspended upon 12 months of unsupervised probation. Judge Fox imposed court costs and a fine in the amount of $662.50.

Defendant timely noticed appeal.

## II. Analysis

On appeal, Defendant argues that the trial court erred in denying his motion to dismiss the charges of operating a vehicle while displaying an expired registration plate and operating a vehicle without an approved inspection certificate because there was no evidence that he "displayed" a plate, tag, or certificate. Defendant further argues that the trial court entered a sentence that was not authorized by law

since he was only convicted of two Class 3 misdemeanors and an infraction and had no prior convictions.

The State concedes that the trial court erred in denying Defendant's motion to dismiss the charge of operating a vehicle while displaying an expired registration plate and in imposing a sentence of 10 days' imprisonment suspended upon 12 months of unsupervised probation, and we agree. As to Defendant's remaining argument on appeal, that the trial court erred in denying his motion to dismiss the charge of operating a motor vehicle without displaying an approved inspection certificate, we hold that the trial court properly denied Defendant's motion.

### A. Standard of Review

"This Court reviews a trial court's denial of a motion to dismiss *de novo*." *State v. Stroud*, 252 N.C. App. 200, 208, 797 S.E.2d 34, 41 (2017). The question of whether the sentence imposed was authorized by the jury's verdict is also reviewed de novo. *State v. Lail*, 251 N.C. App. 463, 471, 795 S.E.2d 401, 408 (2016). "Under a *de novo* review, th[is C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal marks and citation omitted).

### B. Motion to Dismiss

A defendant properly preserves an insufficiency of the evidence argument for review if he makes a motion to dismiss based on insufficient evidence at the close of

the State's evidence and renews that motion at the close of all evidence. N.C. R. App. P. 10(a)(1), (3); *see also State v. Golder*, ___ N.C. ___, ___, ___ S.E.2d ___, ___, 2020 N.C. LEXIS 271 *13 (2020) ("[A] defendant's motion to dismiss preserves all issues related to the sufficiency of the State's evidence for appellate review."). A general motion to dismiss for insufficient evidence preserves a defendant's arguments on all elements of all charged offenses, even if the defendant proceeds to specifically argue about fewer than all of the elements or charges to the trial court. *State v. Pender*, 243 N.C. App. 142, 152-53, 776 S.E.2d 352, 360 (2015).

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

We note that Defendant has properly preserved his arguments for our review since he renewed his general motion to dismiss "based on lack of evidence" at the close of all evidence. *See State v. Mueller*, 184 N.C. App. 553, 559, 647 S.E.2d 440, 446 (2007) (holding that the defendant's general motion to dismiss based on insufficient evidence, which was renewed after the defendant presented evidence, was sufficient to preserve insufficient evidence arguments as to all of his charges even though he only made arguments as to some of his charges at trial). We therefore proceed to the merits of Defendant's claims.

i. Operating a Motor Vehicle While Displaying an Expired Registration Plate

Defendant was cited for "operat[ing] a motor vehicle on a street or highway while displaying an expired registration plate on the vehicle knowing the same to be expired. (G.S. § 20-111(2))." Under N.C. Gen. Stat. § 20-111(2), it is a Class 3 misdemeanor

> [t]o display or cause or permit to be displayed or to have in possession any registration card, certificate of title or registration number plate knowing the same to be fictitious or to have been canceled, revoked, suspended or altered, or to willfully display an expired license or registration plate on a vehicle knowing the same to be expired.

N.C. Gen. Stat. § 20-111(2) (2019).

Even viewed in the light most favorable to the State, no substantial evidence shows Defendant "display[ed] an expired registration plate on a vehicle." *Id.* In fact, Officer Highfill testified that he stopped Defendant's car because there was "no

license plate on it." Defendant also testified that he removed the plate "years ago."

Though the State's evidence would have supported a conviction under N.C. Gen. Stat. § 20-111(1), which makes it a Class 3 misdemeanor to drive a vehicle without a current registration plate or a vehicle that is not registered, the evidence presented at trial did not support the charged offense. Therefore, Defendant's motion to dismiss should have been granted.

ii. Operating a Motor Vehicle Without an Approved Inspection Certificate

Defendant was also cited for "operat[ing] a motor vehicle on a street or highway without displaying thereon a current approved inspection certificate, such vehicle requiring inspection in North Carolina. Month expired 03/2015. (G.S. 20-183.8(A)(1))." Under N.C. Gen. Stat. § 20-183.8(a)(1), it is an infraction for a person to

> [o]perate[] a motor vehicle that is subject to inspection under this Part on a highway or public vehicular area in the State when the vehicle has not been inspected in accordance with this Part, as evidenced by the vehicle's lack of a current electronic inspection authorization or otherwise.

N.C. Gen. Stat. § 20-183.8(a)(1) (2019).

The trial court instructed the jury on this infraction as follows:

> The defendant has been charged with willfully *displaying* an expired inspection certificate on a vehicle knowing the same to be expired.
>
> For you to find [Defendant] responsible of this

- 8 -

offense, the State must prove two things beyond a reasonable doubt.

First, that the defendant willfully *displayed* an expired inspection certificate on a vehicle.

And second, that the defendant knew that the inspection certificate was expired.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant willfully *displayed* an expired inspection certificate on a vehicle and that the defendant knew that the inspection certificate was expired, it would be your duty to return a verdict of responsible. If you do not so find or have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not responsible.

(Emphasis added.)

Defendant argues that the evidence was insufficient to support his conviction. Specifically, he contends that the jury was instructed on a theory of guilt that required the "display" of an expired inspection certificate and that "a defendant may not be convicted of an offense on a theory of his guilt different from that presented to the jury." *State v. Smith*, 65 N.C. App. 770, 773, 310 S.E.2d 115, 117 (1984). For the reasons stated below, Defendant's argument is properly classified as a challenge to an erroneous jury instruction, and that argument is not properly preserved for our review.

"The Due Process Clause of the United States Constitution requires that the sufficiency of the evidence to support a conviction be reviewed with respect to the

theory of guilt upon which the jury was instructed." *State v. Wilson*, 345 N.C. 119, 123, 478 S.E.2d 507, 510 (1996) (citing *Presnell v. Georgia*, 439 U.S. 14, 16, 99 S. Ct. 235, 236-37, 58 L. Ed. 2d 207, 211 (1978)), *abrogated on other grounds by State v. Millsaps*, 356 N.C. 556, 568, 572 S.E.2d 767, 775 (2002). This well founded principle arises out of cases where "there could be evidence in the record indicating culpability for more than one theory" of the crime. *State v. Vines*, ___ N.C. App. ___, 829 S.E.2d 701, 2019 WL 3202226, at *4 (2019) (unpublished). In such instances, "the evidence supporting the conviction can only be reviewed according to the theory or theories on which the jury was instructed at trial." *Id.* "For example, a conviction for felony larceny may not be based on the value of the thing taken when the trial court has instructed the jury only on larceny pursuant to burglarious entry." *Smith*, 65 N.C. App. at 773, 310 S.E.2d at 117. Or if a defendant is charged with first-degree murder under the principle of acting in concert, "the conviction cannot be upheld absent a jury charge to that effect." *Wilson*, 345 N.C. at 123-24, 478 S.E.2d at 511 ("[A]bsent an acting in concert instruction, it was necessary for the State to prove each element of first-degree murder on the theory of premeditation and deliberation[.]").

This case, unlike those cited above, is not one where there were alternate theories of guilt that could have been submitted to the jury to find Defendant responsible for driving without an approved inspection certificate. There was one route to the State's end: it had to prove beyond a reasonable doubt that Defendant

(1) was operating a motor vehicle (2) without an approved inspection certificate. *See* N.C. Gen. Stat. § 20-183.8(a)(1) (2019). Though displaying an expired inspection certificate is one potential form of *evidence* the State could use in an effort to establish the offense at issue, it is not a necessary *element*. *Id.* Rather than allowing a conviction via a different theory of the offense, the instructions in this case "required the State to prove an element that was not required by the charging statute[.]" *State v. Dale*, 245 N.C. App. 497, 506, 783 S.E.2d 222, 228 (2016). *Presnell* and its progeny do not stand for the proposition that an erroneous jury instruction can increase "the State's evidentiary burden to prove the commission of a crime *beyond* its necessary elements." *Vines*, 2019 WL 3202226, at *5 (emphasis in original).

Accordingly, Defendant's argument is best characterized as a challenge to an erroneous jury instruction. But Defendant did not object to the jury instruction, N.C. R. App. P. 10(a)(2), nor does he allege plain error review is warranted in his brief, N.C. R. App. P. 10(a)(4).[1] Therefore, we cannot properly review an error in the trial court's instruction to the jury.

## C. Defendant's Sentence

Defendant next argues that the trial court erred in entering a sentence of 10

---

[1] Plain error exists when "the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and marks omitted). An erroneous jury instruction suggesting the State had a *higher* burden of proof is, at the very least, difficult to square with any notion of prejudice to Defendant. *See Dale*, 245 N.C. App. at 507, 783 S.E.2d at 229 (same).

days' imprisonment suspended upon 12 months of unsupervised probation because such a sentence was not authorized by law.[2]

"[A]n argument that the sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law may be reviewed on appeal even without a specific objection before the trial court." *State v. Mumford*, 364 N.C. 394, 403, 699 S.E.2d 911, 917 (2010) (internal marks omitted).

Under N.C. Gen. Stat. § 15A-1340.23(d), a court is authorized to enter judgment imposing only court costs and a fine against a defendant who is convicted of a Class 3 misdemeanor unless the specific offense provides otherwise or the defendant has more than three prior convictions. N.C. Gen. Stat. § 15A-1340.23(d) (2019).

Here, the judgment sheet notes that Defendant did not have any prior convictions. Though Defendant was convicted of two Class 3 misdemeanors and one infraction and should have received a sentence of court costs and a fine only, *see id.*, the trial court imposed a sentence of 10 days' imprisonment, suspended upon 12 months of unsupervised probation. Such a sentence was not authorized by law.

### III. Conclusion

---

[2] Although we have determined that the trial court erred in denying Defendant's motion to dismiss one of his charges, we elect to review his remaining argument because the same issue may arise on remand.

For the above stated reasons, we hold that the trial court erred in denying Defendant's motion to dismiss for operating a motor vehicle while displaying an expired registration plate but hold that it properly denied Defendant's motion to dismiss for operating a motor vehicle without an approved inspection certificate.

On remand, Defendant is entitled to be re-sentenced consistent with this opinion.

NO ERROR IN PART; REVERSED IN PART AND REMANDED.

Judges TYSON and ZACHARY concur.