IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-1043

 Filed: 21 April 2020

Forsyth County, No. 18CRS712745-46

STATE OF NORTH CAROLINA

 v.

JAMES LLOYD MONEY, Defendant.

 Appeal by Defendant from judgment entered 24 April 2019 by Judge Carl R.

Fox in Forsyth County Superior Court. Heard in the Court of Appeals 1 April 2020.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Neil
 Dalton, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas
 C. Woomer-Deters, for Defendant.

 BROOK, Judge.

 James Lloyd Money (“Defendant”) appeals from judgment entered upon jury

verdicts for driving while license revoked, operating a vehicle while displaying an

expired registration plate, and operating a vehicle without an approved inspection

certificate. Defendant argues that the trial court erred in denying his motion to

dismiss because the evidence presented at trial did not support the charges of

operating a motor vehicle while displaying an expired registration plate and

operating a motor vehicle without an approved inspection certificate. Defendant

further argues that his sentence was not authorized by law.
 STATE V. MONEY

 Opinion of the Court

 For the following reasons, we agree with Defendant that the trial court erred

in denying his motion to dismiss the charge of operating a motor vehicle while

displaying an expired registration plate but hold the trial court properly denied

Defendant’s motion to dismiss the charge of operating a vehicle without an approved

inspection certificate. We further hold that the trial court erred in its sentencing of

Defendant.

 I. Factual and Procedural Background

 On 27 April 2018, Kernersville Police Officer Sawyer Highfill stopped

Defendant because he was driving his pickup truck without a license plate.

Defendant provided Officer Highfill with an insurance card and the truck’s Vehicular

Identification Number (“VIN”) number and told Officer Highfill that he “was not

required to” produce a driver’s license. Officer Highfill entered the truck’s VIN

number into the police database and determined that the truck was registered to

Defendant, but the registration and inspection were expired. Officer Highfill also

determined that Defendant’s license was revoked.

 Officer Highfill issued two citations. The first, bearing file number 2018CR

712745, alleged that Defendant did unlawfully and willfully:

 (1) operate a motor vehicle on a street or highway while the
 Defendant’s driver’s license was revoked. (G.S. 20-28(A)).

 (2) operate a motor vehicle on a street or highway without
 displaying thereon a current approved inspection
 certificate, such vehicle requiring inspection in North

 -2-
 STATE V. MONEY

 Opinion of the Court

 Carolina. Month Expired 03/2015. (G.S. 20-183.8(A)(1)).

The second, with file number 2018CR 712746, alleged that Defendant did unlawfully

and willfully

 operate a motor vehicle on a street or highway while
 displaying an expired registration plate on the vehicle
 knowing the same to be expired. (G.S. 20-111(2)).

 Defendant was tried in district court on 17 October 2018 and found guilty of

the offenses. Defendant appealed to superior court.

 On 23 April 2019, Defendant represented himself in a jury trial before Judge

Fox in Forsyth County Superior Court. At trial, Defendant testified in his defense

that he did not have a driver’s license because, based on his legal research, he

concluded that driver’s licenses were only required for commercial vehicles, and he

drove his vehicle for personal use. He testified that he “probably” made a conscious

decision to remove the registration plate from his truck several years prior to 27 April

2018 after conducting legal research that led him to believe that registration plates

were only required for commercial vehicles. At the close of the State’s evidence and

at the close of all evidence, Defendant made a motion to dismiss for “lack of evidence,”

which the trial court denied.

 During closing arguments, Defendant argued that for the charge of driving

while license revoked, he did not “have a driver’s license to actually be suspended in

the first place[,]” and “[i]t’s kind of hard to suspend something you don’t have.” As to

 -3-
 STATE V. MONEY

 Opinion of the Court

the charge of operating a motor vehicle without an approved inspection certificate,

Defendant argued that he maintained his vehicle himself and ensured that it was

safe. Finally, as to the charge of operating a motor vehicle while displaying an

expired registration plate, Defendant argued, “[T]here’s no plate on there to actually

be expired in the first place. It’s not there.”

 The jury found Defendant guilty of driving while license revoked, a Class 3

misdemeanor, and operating a motor vehicle while displaying an expired registration

plate, a Class 3 misdemeanor. The jury found Defendant responsible for operating a

motor vehicle without an approved inspection certificate. Judge Fox indicated on the

judgment form that Defendant was a prior record level I with zero prior convictions

and sentenced Defendant to 10 days’ imprisonment, suspended upon 12 months of

unsupervised probation. Judge Fox imposed court costs and a fine in the amount of

$662.50.

 Defendant timely noticed appeal.

 II. Analysis

 On appeal, Defendant argues that the trial court erred in denying his motion

to dismiss the charges of operating a vehicle while displaying an expired registration

plate and operating a vehicle without an approved inspection certificate because

there was no evidence that he “displayed” a plate, tag, or certificate. Defendant

further argues that the trial court entered a sentence that was not authorized by law

 -4-
 STATE V. MONEY

 Opinion of the Court

since he was only convicted of two Class 3 misdemeanors and an infraction and had

no prior convictions.

 The State concedes that the trial court erred in denying Defendant’s motion to

dismiss the charge of operating a vehicle while displaying an expired registration

plate and in imposing a sentence of 10 days’ imprisonment suspended upon 12

months of unsupervised probation, and we agree. As to Defendant’s remaining

argument on appeal, that the trial court erred in denying his motion to dismiss the

charge of operating a motor vehicle without displaying an approved inspection

certificate, we hold that the trial court properly denied Defendant’s motion.

 A. Standard of Review

 “This Court reviews a trial court’s denial of a motion to dismiss de novo.” State

v. Stroud, 252 N.C. App. 200, 208, 797 S.E.2d 34, 41 (2017). The question of whether

the sentence imposed was authorized by the jury’s verdict is also reviewed de novo.

State v. Lail, 251 N.C. App. 463, 471, 795 S.E.2d 401, 408 (2016). “Under a de novo

review, th[is C]ourt considers the matter anew and freely substitutes its own

judgment for that of the lower tribunal.” State v. Williams, 362 N.C. 628, 632-33, 669

S.E.2d 290, 294 (2008) (internal marks and citation omitted).

 B. Motion to Dismiss

 A defendant properly preserves an insufficiency of the evidence argument for

review if he makes a motion to dismiss based on insufficient evidence at the close of

 -5-
 STATE V. MONEY

 Opinion of the Court

the State’s evidence and renews that motion at the close of all evidence. N.C. R. App.

P. 10(a)(1), (3); see also State v. Golder, ___ N.C. ___, ___, ___ S.E.2d ___, ___, 2020

N.C. LEXIS 271 *13 (2020) (“[A] defendant’s motion to dismiss preserves all issues

related to the sufficiency of the State’s evidence for appellate review.”). A general

motion to dismiss for insufficient evidence preserves a defendant’s arguments on all

elements of all charged offenses, even if the defendant proceeds to specifically argue

about fewer than all of the elements or charges to the trial court. State v. Pender, 243

N.C. App. 142, 152-53, 776 S.E.2d 352, 360 (2015).

 “Upon defendant’s motion for dismissal, the question for the Court is whether

there is substantial evidence (1) of each essential element of the offense charged, or

of a lesser offense included therein, and (2) of defendant’s being the perpetrator of

such offense. If so, the motion is properly denied.” State v. Fritsch, 351 N.C. 373,

378, 526 S.E.2d 451, 455 (2000) (citation omitted). “Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.” State v. Smith, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). “In making

its determination, the trial court must consider all evidence admitted, whether

competent or incompetent, in the light most favorable to the State, giving the State

the benefit of every reasonable inference and resolving any contradictions in its

favor.” State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

 -6-
 STATE V. MONEY

 Opinion of the Court

 We note that Defendant has properly preserved his arguments for our review

since he renewed his general motion to dismiss “based on lack of evidence” at the close

of all evidence. See State v. Mueller, 184 N.C. App. 553, 559, 647 S.E.2d 440, 446

(2007) (holding that the defendant’s general motion to dismiss based on insufficient

evidence, which was renewed after the defendant presented evidence, was sufficient

to preserve insufficient evidence arguments as to all of his charges even though he

only made arguments as to some of his charges at trial). We therefore proceed to the

merits of Defendant’s claims.

 i. Operating a Motor Vehicle While Displaying an Expired Registration Plate

 Defendant was cited for “operat[ing] a motor vehicle on a street or highway

while displaying an expired registration plate on the vehicle knowing the same to be

expired. (G.S. § 20-111(2)).” Under N.C. Gen. Stat. § 20-111(2), it is a Class 3

misdemeanor

 [t]o display or cause or permit to be displayed or to have in
 possession any registration card, certificate of title or
 registration number plate knowing the same to be fictitious
 or to have been canceled, revoked, suspended or altered, or
 to willfully display an expired license or registration plate
 on a vehicle knowing the same to be expired.

N.C. Gen. Stat. § 20-111(2) (2019).

 Even viewed in the light most favorable to the State, no substantial evidence

shows Defendant “display[ed] an expired registration plate on a vehicle.” Id. In fact,

Officer Highfill testified that he stopped Defendant’s car because there was “no

 -7-
 STATE V. MONEY

 Opinion of the Court

license plate on it.” Defendant also testified that he removed the plate “years ago.”

 Though the State’s evidence would have supported a conviction under N.C.

Gen. Stat. § 20-111(1), which makes it a Class 3 misdemeanor to drive a vehicle

without a current registration plate or a vehicle that is not registered, the evidence

presented at trial did not support the charged offense. Therefore, Defendant’s motion

to dismiss should have been granted.

 ii. Operating a Motor Vehicle Without an Approved Inspection Certificate

 Defendant was also cited for “operat[ing] a motor vehicle on a street or highway

without displaying thereon a current approved inspection certificate, such vehicle

requiring inspection in North Carolina. Month expired 03/2015. (G.S. 20-

183.8(A)(1)).” Under N.C. Gen. Stat. § 20-183.8(a)(1), it is an infraction for a person

to

 [o]perate[] a motor vehicle that is subject to inspection
 under this Part on a highway or public vehicular area in
 the State when the vehicle has not been inspected in
 accordance with this Part, as evidenced by the vehicle’s
 lack of a current electronic inspection authorization or
 otherwise.

N.C. Gen. Stat. § 20-183.8(a)(1) (2019).

 The trial court instructed the jury on this infraction as follows:

 The defendant has been charged with willfully
 displaying an expired inspection certificate on a vehicle
 knowing the same to be expired.

 For you to find [Defendant] responsible of this

 -8-
 STATE V. MONEY

 Opinion of the Court

 offense, the State must prove two things beyond a
 reasonable doubt.

 First, that the defendant willfully displayed an
 expired inspection certificate on a vehicle.

 And second, that the defendant knew that the
 inspection certificate was expired.

 If you find from the evidence beyond a reasonable
 doubt that on or about the alleged date, the defendant
 willfully displayed an expired inspection certificate on a
 vehicle and that the defendant knew that the inspection
 certificate was expired, it would be your duty to return a
 verdict of responsible. If you do not so find or have a
 reasonable doubt as to one or more of these things, then it
 would be your duty to return a verdict of not responsible.

(Emphasis added.)

 Defendant argues that the evidence was insufficient to support his conviction.

Specifically, he contends that the jury was instructed on a theory of guilt that

required the “display” of an expired inspection certificate and that “a defendant may

not be convicted of an offense on a theory of his guilt different from that presented to

the jury.” State v. Smith, 65 N.C. App. 770, 773, 310 S.E.2d 115, 117 (1984). For the

reasons stated below, Defendant’s argument is properly classified as a challenge to

an erroneous jury instruction, and that argument is not properly preserved for our

review.

 “The Due Process Clause of the United States Constitution requires that the

sufficiency of the evidence to support a conviction be reviewed with respect to the

 -9-
 STATE V. MONEY

 Opinion of the Court

theory of guilt upon which the jury was instructed.” State v. Wilson, 345 N.C. 119,

123, 478 S.E.2d 507, 510 (1996) (citing Presnell v. Georgia, 439 U.S. 14, 16, 99 S. Ct.

235, 236-37, 58 L. Ed. 2d 207, 211 (1978)), abrogated on other grounds by State v.

Millsaps, 356 N.C. 556, 568, 572 S.E.2d 767, 775 (2002). This well founded principle

arises out of cases where “there could be evidence in the record indicating culpability

for more than one theory” of the crime. State v. Vines, ___ N.C. App. ___, 829 S.E.2d

701, 2019 WL 3202226, at *4 (2019) (unpublished). In such instances, “the evidence

supporting the conviction can only be reviewed according to the theory or theories on

which the jury was instructed at trial.” Id. “For example, a conviction for felony

larceny may not be based on the value of the thing taken when the trial court has

instructed the jury only on larceny pursuant to burglarious entry.” Smith, 65 N.C.

App. at 773, 310 S.E.2d at 117. Or if a defendant is charged with first-degree murder

under the principle of acting in concert, “the conviction cannot be upheld absent a

jury charge to that effect.” Wilson, 345 N.C. at 123-24, 478 S.E.2d at 511 (“[A]bsent

an acting in concert instruction, it was necessary for the State to prove each element

of first-degree murder on the theory of premeditation and deliberation[.]”).

 This case, unlike those cited above, is not one where there were alternate

theories of guilt that could have been submitted to the jury to find Defendant

responsible for driving without an approved inspection certificate. There was one

route to the State’s end: it had to prove beyond a reasonable doubt that Defendant

 - 10 -
 STATE V. MONEY

 Opinion of the Court

(1) was operating a motor vehicle (2) without an approved inspection certificate. See

N.C. Gen. Stat. § 20-183.8(a)(1) (2019). Though displaying an expired inspection

certificate is one potential form of evidence the State could use in an effort to establish

the offense at issue, it is not a necessary element. Id. Rather than allowing a

conviction via a different theory of the offense, the instructions in this case “required

the State to prove an element that was not required by the charging statute[.]” State

v. Dale, 245 N.C. App. 497, 506, 783 S.E.2d 222, 228 (2016). Presnell and its progeny

do not stand for the proposition that an erroneous jury instruction can increase “the

State’s evidentiary burden to prove the commission of a crime beyond its necessary

elements.” Vines, 2019 WL 3202226, at *5 (emphasis in original).

 Accordingly, Defendant’s argument is best characterized as a challenge to an

erroneous jury instruction. But Defendant did not object to the jury instruction, N.C.

R. App. P. 10(a)(2), nor does he allege plain error review is warranted in his brief,

N.C. R. App. P. 10(a)(4).1 Therefore, we cannot properly review an error in the trial

court’s instruction to the jury.

 C. Defendant’s Sentence

 Defendant next argues that the trial court erred in entering a sentence of 10

 1 Plain error exists when “the error had a probable impact on the jury’s finding that the
defendant was guilty.” State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal
citations and marks omitted). An erroneous jury instruction suggesting the State had a higher burden
of proof is, at the very least, difficult to square with any notion of prejudice to Defendant. See Dale,
245 N.C. App. at 507, 783 S.E.2d at 229 (same).

 - 11 -
 STATE V. MONEY

 Opinion of the Court

days’ imprisonment suspended upon 12 months of unsupervised probation because

such a sentence was not authorized by law.2

 “[A]n argument that the sentence imposed was unauthorized at the time

imposed, exceeded the maximum authorized by law, was illegally imposed, or is

otherwise invalid as a matter of law may be reviewed on appeal even without a

specific objection before the trial court.” State v. Mumford, 364 N.C. 394, 403, 699

S.E.2d 911, 917 (2010) (internal marks omitted).

 Under N.C. Gen. Stat. § 15A-1340.23(d), a court is authorized to enter

judgment imposing only court costs and a fine against a defendant who is convicted

of a Class 3 misdemeanor unless the specific offense provides otherwise or the

defendant has more than three prior convictions. N.C. Gen. Stat. § 15A-1340.23(d)

(2019).

 Here, the judgment sheet notes that Defendant did not have any prior

convictions. Though Defendant was convicted of two Class 3 misdemeanors and one

infraction and should have received a sentence of court costs and a fine only, see id.,

the trial court imposed a sentence of 10 days’ imprisonment, suspended upon 12

months of unsupervised probation. Such a sentence was not authorized by law.

 III. Conclusion

 2 Although we have determined that the trial court erred in denying Defendant’s motion to
dismiss one of his charges, we elect to review his remaining argument because the same issue may
arise on remand.

 - 12 -
 STATE V. MONEY

 Opinion of the Court

 For the above stated reasons, we hold that the trial court erred in denying

Defendant’s motion to dismiss for operating a motor vehicle while displaying an

expired registration plate but hold that it properly denied Defendant’s motion to

dismiss for operating a motor vehicle without an approved inspection certificate.

 On remand, Defendant is entitled to be re-sentenced consistent with this

opinion.

 NO ERROR IN PART; REVERSED IN PART AND REMANDED.

 Judges TYSON and ZACHARY concur.

 - 13 -